H. B. SABOURIN *v.* CHESTER WOISH ET AL.

(78 A2d 333)

October Term, 1950.

Present: SHERBURNE, C. J., CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed November 8th, 1950.

*John H. Webster* for the defendant.

*Sylvester & Ready* for the plaintiff.

BLACKMER, J. This is an action of contract to recover the rent for leased premises located at 55 Fairfield St., St. Albans City, for the months of December 1948 through September 1949. One of the defenses is that by electing to bring an action of justice eject-ment under V. S. 47, §§ 2008 and 1442, and by prosecuting the same to judgment, the plaintiff is barred from maintaining this action. Trial was by court; the plaintiff had a judgment against the defendant for $534.00 and costs, and a judgment against the trustee for the amount disclosed. The case is here on the defendant's exceptions.

These facts appear. The plaintiff leased an apartment to the defendant from month to month for an agreed monthly rental of $50.00. After a time he gave the defendant notice to vacate. The defendant did not vacate, and so the notice was followed by an action of justice ejectment brought in the Franklin Municipal Court. The writ was dated December 3, 1948, and was returnable December 18, 1948. Hearing was had July 15, 1949. At that time the rent claimed exceeded the amount which the plaintiff could recover under V. S. 47, § 2011. Before judgment the plaintiff filed a docu-

ment in the Municipal Court, in which he waived damages in toto, so far as such damages pertained to the action of justice ejectment, and requested a judgment for possession and costs only. Thereafter the Municipal Court entered judgment that the plaintiff have a writ of possession, and recover one cent damages and his costs.

█ First for consideration is the scope and nature of justice ejectment. It provides a summary remedy for a landlord whose tenant holds over without right after the determination of the lease. It lies where common law ejectment would lie. It is given. for wrongful holding over of demised premises, and thus has all the characteristics of ejectment. *Barnes* v. *Tenney,* 52 Vt 557, 558; *Hadley* v. *Havens,* 24 Vt 520, 524-5; *Pitkin* v. *Burch,* 48 Vt 521, 522; *Sheeran* v. *Rockwood,* 67 Vt 82, 83, 30 A 689; *LaFleur* v. *Smith,* 95 Vt 476, 477-8, 115 A 729. The action sounds in tort. *Barnes* v. *Tenney, supra,* 558; *Sheeran* v. *Rockwood, supra,* 83; *Ackerman* v. *French,* 90 Vt 324, 326, 98 A 921. All the provisions of the statutes creating and allowing justice ejectment (V. S. 47, § 2008 et seq) proceed upon the supposition that the lease is at an end. It is only when the lessee holds without right after the determination of the lease that a plaintiff can resort to the remedy. V. S. 47, §§ 2008 and 2009 presuppose that the lease is at an end. *Baldwin* v. *Skeels,* 51 Vt 121, 125; *Foss* v. *Stanton,* 76 Vt 365, 367, 57 A 942; *Mead* v. *Owen,* 80 Vt 273, 278, 67 A 722, 12 LRANS 655. The "rent" for which judgment may be had under V. S. 47, § 2011 means a fair and reasonable compensation or return for the use of the premises. It does not necessarily mean the rent stipulated in the lease. *Baldwin* v. *Skeels, supra,* 126-127. And see *Capital Garage Co.* v. *Powell,* 98 Vt 303, 307-310, 127 A 375. No doubt the rent stipulated in the lease is evidence of such reasonable compensation. *Congregational Society in Newport* v. *Walker,* 18 Vt 600, 602.

Enough has been shown concerning the nature and scope of justice ejectment to demonstrate that the cases cited hereafter which have to do with statutory ejectment (V. S. 47, §§ 1981-1993) are authority for the purposes for which they are used.

█ The present plaintiff had his election, at the outset, to treat the defendant as a tort-feasor and bring either justice or statutory ejectment, or to waive the tort and sue in contract for the rent reserved. But he could not do both. We cannot regard the defendant, at one and the same time, as both a trespasser and as in pos-

session under a valid lease. The plaintiff could not recover in ejectment without negativing the lease, in which case an action of contract for rent fails; he could not recover the rent reserved in an action of contract without waiving the tort, which would be equally fatal to an action of ejectment. When the plaintiff proceeded to his judgment in justice ejectment, his election was conclusively made. He cannot insist upon the tort so far as to recover the premises in justice ejectment, and also waive the tort as to the reserved rent, so that he can recover it in an action of contract. *Strong* v. *Garfield*, 10 Vt 502, 504; 28 CJS Election of Remedies, § 14.

The decision in *Strong* v. *Garfield, supra*, was criticized in *Watson* v. *Brainard*, 33 Vt 88, 90-91, but the criticism was in general terms, and no authority was cited. We deem the criticism ill-founded. In *Coburn* v. *Goodall et al*, 72 Cal 498, 507, 14 P 190, 1 Am St Rep 75, it was said that service by the lessor on the lessee of a declaration in ejectment is an election to determine the term, and afterwards the lessor cannot sue for rent due after such service, even though the ejectment has not gone to judgment. In *Hinsdale* v. *White*, 6 Hill (NY) 507, 509-511, the court remarked that distraint waives forfeiture, and *e converso* a judgment in ejectment avoids the right to distrain; that an action for rent waives a forfeiture and defeats ejectment; that a lease is void from the day of forfeiture, and thereafter the tenant may and should be treated as a trespasser. Both these cases support *Strong* v. *Garfield*.

A suit and judgment in justice ejectment is conclusive evidence that the relation of landlord and tenant did not exist during the time for which compensation (whether called damages, rents, or mesne profits) could be recovered. *Strong* v. *Garfield, supra*, 504; *Chamberlin* v. *Donahue*, 44 Vt 57, 59; *Clark* v. *Clark's Admr.*, 58 Vt 527, 530, 3A 508. And that time is from the service of the writ, at the latest. *Lyman* v. *Mower et al*, 6 Vt 345, 347.

By his election to bring his action of justice ejectment and by the judgment therein, the plaintiff is barred from maintaining this action of contract. Whether he would fare better in an action of tort might be debatable. See *Warren* v. *Town of Newfane*, 25 Vt 250, 253, 254. Anyhow, that question is not now involved.

*Judgment reversed. Judgment that the defendant recover his costs. Trustee discharged with its costs and charges.*