# State of Vermont v. Clayton Dolley

[ 205 A.2d 572 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*John E. Bernasconi,* State's Attorney, for the State.

*Daniels & Burgess* for Respondent.

**Per Curiam.** This appeal has come to this Court after a verdict and judgment of guilty of a motor vehicle violation. The respondent has furnished no transcript of the proceedings below, nor has he submitted copies of the printed case setting forth extracts of the record essential to present the question he has briefed, as required by 12 V.S.A. §2390 and Supreme Court Rule 7. See *Stevens* v. *Bowker,* 93 Vt. 480, 481, 108 Atl. 347. The respondent seeks to supply these requirements by presenting an agreed statement of facts. The method adopted fails to comply with 12 V.S.A. §2390 and is not authorized by court rule.

The error claimed is that the jury which heard this prosecution was selected from a panel after its term of service had exceeded the ninety day limit imposed by the provisions of 12 V.S.A. §1501. The State argues in its brief that the respondent himself consented to the continuance and on one occasion requested a delay which extended the trial beyond the statutory time.

Since we have no transcript of the proceedings below, we have no way of knowing how the question was presented to the trial court, the reasons for the ruling and whether or not the respondent participated in the action of which he now complains. These factors

are essential to determine whether error was committed and if it prejudiced the verdict and judgment which followed. *Appliance Acceptance Co.* v. *Stevens,* 121 Vt. 484, 488, 160 A.2d 888.

An appealing party is required, at his peril, to bring forth a record to affirmatively establish that prejudicial error was committed in the tribunal whose action is sought to be reviewed. *St. Albans Granite Co.* v. *Elwell & Co.,* 86 Vt. 479, 483, 86 Atl. 308; *Norway* v. *Petit,* 112 Vt. 453, 454, 28 A.2d 380. Since the record before us is entirely deficient in this respect, the appeal is *dismissed.*