### Fairview Garage, Inc. v. Robert H. Terjelian

[ 246 A.2d 830 ]

June Term, 1968

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 1, 1968

*Lisman & Lisman* for the Plaintiff.

*Joseph C. Wool, Esq.,* and *Saul Lee Agel, Esq.,* for the Defendant.

**Shangraw, J.** On August 31, 1961 the plaintiff leased to the defendant certain tools, equipment and furniture located in the Fairview Garage, Burlington, Vermont. In this suit, commenced by writ in August of 1964, the plaintiff therein alleges a breach by the defendant, of the terms of this lease, and seeks damages.

In August of the same year Frances M. Leveilles also leased to the defendant the real estate known as "Fairview Garage." In a companion suit brought by the lessor, Leveillee, Supreme Court Docket No. 309, *Leveille* v. *Terjelian,* 246 A.2d 832, he seeks to recover damages by reason of the alleged breach of this lease.

These companion actions in contract were assigned for trial in the Chittenden County Court during the week of September 18, 1967. Neither the defendant nor his counsel appeared at the time appointed for hearing. The court ordered that judgment for the plaintiff be entered by default in each case and set hearings on the assessment of damages for September 22, 1967. On that date the defendant appeared by counsel and moved to vacate the entries of default and requested hearing on the merits. The defendant's oral motions to this effect were denied. The court proceeded to hear the parties on the matter of damages and entered judgment in each case for the plaintiff according to its findings on that issue.

The defendant appeals on the sole question of the denial of the motion to vacate the entries of default and the court's refusal to hear the case on the merits.

Section 2 of County Court Rule 10 provides:

"2. When a default is entered in any action it shall not be stricken off after the day upon which it was entered, except upon notice to the adverse party filed with the clerk, and upon an affidavit of merit in defense, with a statement of its nature and

proof to the satisfaction of the court that a defense is in good faith intended. When a default is stricken off it shall be upon such terms and conditions as the court deems just."

■ In the cases before us the defendant did not file affidavits of merit in defense, nor a statement of the nature of the defense that he proposed to present. Neither did he offer any proof capable of satisfying the court that a defense in good faith was intended. Without compliance with these requirements of the rules of county court, the discretionary order of the trial court is not subject to revision here.

■ The appealing party must bring forth a record which is sufficient to affirmatively establish that the court withheld its discretion or acted for reasons clearly untenable. *John* v. *Fernandez,* 124 Vt. 346, 348, 205 A.2d 552; *State* v. *Dolley,* 124 Vt. 376, 377, 205 A.2d 572. Absent such a showing, we are directed to the presumption that the court's discretion was properly applied. *Towle* v. *St. Albans Publishing Co.,* 122 Vt. 134, 142, 165 A.2d 363.

■ The reason advanced by the defendant, in support of his claim of abuse of judicial discretion, is that his counsel was engaged in court elsewhere. But, no request for a continuance appears to have been made. Furthermore, counsel for defendant did not seek relief from this predicament by resort to 4 V.S.A. §846.

The record fails to establish any abuse of discretion on the part of the lower court in denying the motion to strike the defaults. No error appears.

*Judgment affirmed.*