**Douglas Mitchell, b/n/f David Mitchell and David Mitchell, individually v. Lawrence G. Amadon**

[260 A.2d 213]

No. 15-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

170

*Lee E. Emerson,* Barton, for Plaintiff.

*Wick, Dinse & Allen,* Burlington, for Defendant.

**Smith, J.** This is an automobile negligence case. David Mitchell, as parent and next friend, sued for his minor son, Douglas, Lawrence G. Amadon in an action in tort brought in the Caledonia County Court. A jury trial resulted in verdict and judgment for the defendant from which the plaintiff has taken his appeal here.

The minor plaintiff, Douglas Mitchell, sustained injuries when he was either run into or hit by an automobile being driven by the defendant Amadon. The accident occurred on May 15, 1966, on US Route 5 in Sutton, Vermont, at which time Douglas was five years, eighteen days old.

On appeal, it is our duty to take the evidence in the light most favorable to the prevailing party, in this case the defendant, and the effect of modifying evidence must be excluded. *Smith* v. *Blow and Cote, Inc.,* 124 Vt. 64, 66, 196 A.2d 489.

So viewed, the evidence disclosed that the defendant was driving his motor vehicle on Route 5 at a speed not exceeding thirty-five miles per hour when the infant plaintiff suddenly appeared in the middle of said highway from behind a truck travelling in the opposite direction, and into the path of defendant's motor vehicle. Defendant applied his brakes and pulled his vehicle to the right hand side of the road in an attempt to miss the infant plaintiff who was running across the highway from defendant's left to the defendant's right hand side of the road. Boy and car met at the right side of the road, at a time when defendant's motor vehicle was travelling very slowly and the infant plaintiff suffered the injuries for which he seeks recovery.

The first exception briefed here by the plaintiff is to the claimed wrongful exclusion of evidence offered by the plain-

tiff during cross-examination of the defendant. Counsel for plaintiff, in his cross-examination of the defendant, was apparently trying to get an admission from the defendant that the accident which injured the minor plaintiff would have happened from the negligence of the defendant even if there was no evidence that the boy had darted out from behind a truck into the highway.

The question which was asked of the defendant, and which was objected to, and then excluded by the trial court, was in the following form:

> "In other words, had there been no truck on the road there at all, whether stopped or in motion, and the boy was on the edge of the road, about to dart across where he did, do you think you could have avoided this accident?"

■■ The scope of cross-examination is generally within the discretion of the trial judge. But where the witness is a party there is a right to cross-examination on any material matter whether covered by direct examination or not. *Viens* v. *Lanctot*, 120 Vt. 443, 447, 144 A.2d 711.

It is the contention of the plaintiff three possible situations had been developed on the presence or absence of a truck at the point of the accident at the time the excluded question was asked of the defendant. One such situation was that the truck was parked on the highway, while another situation was that the truck was in a line of traffic heading in the opposite direction from the defendant's way of travel. Also, claims the plaintiff, there was evidence that no truck was there.

The third situation, says the plaintiff, is by reason of the testimony of the youthful cousin of the plaintiff, who at the time of the accident was 12 or 13 years of age and was riding a bicycle on the same side of the highway on which the defendant was driving his motor vehicle, but who had her back turned toward the scene of the accident at the time of its happening.

When asked in direct examination by the plaintiff if she saw any other cars that were passing by going in the same direction that she was travelling at the time, her answer was: "I can't remember any cars, any cars passing me."

However, on cross-examination: "Rebecca, do you really have any recollection one way or another as to what the traf-

fic was that day", her answer was "No." Of greater importance, the evidence relied upon by the plaintiff was not in the case at the time the excluded question was asked.

██ The examiner was inquiring of the defendant through the excluded question, the opinion of the witness on whether or not he could have avoided the accident upon facts not then disclosed by the evidence.

> "Opinions must be based on facts disclosed by the evidence in the case and not in whole or in part upon speculation of the witness as to what might have been the evidence." *Bliss* v. *Moore & Stoughton,* 112 Vt. 185, 190, 22 A.2d 315.

No error is found.

The next briefed exception of the plaintiff is to the charge of the lower court, with particular reference to the charge on the matter of contributory negligence. If we understand the brief of the plaintiff correctly, the claim is that the lower court erred in submitting the question of contributory negligence to the jury for three different reasons. The first of such reasons is the contention of the plaintiff that the defendant judicially waived the affirmative defense of contributory negligence.

No question is raised by the plaintiff that the defendant, in his answer, affirmatively defended the action by asserting that Douglas Mitchell, the boy, was negligent in the manner in which he crossed Route 5, and that plaintiff David Mitchell, the father, was negligent in the manner in which he supervised the activities of Douglas at all times material to the action. Also alleged is that the asserted negligence of both plaintiffs formed a proximate cause of the injuries of which plaintiff complained.

The remarks of the counsel for the defendant which the plaintiff now claims was a judicial waiver of the asserted defense of contributory negligence took place during a conference between court and counsel in chambers. The conference was held relative to the admission of certain evidence in which defendant was attempting to show that David Mitchell, the father, had knowledge that the children, of which Douglas was one, were playing near the highway just before the time of

174

the accident. The discussion in chambers, disclosed by the transcript, was on the question of whether claimed negligence on the part of the infant plaintiff's parents would be a defense to the father's action against the defendant, as well as to whether such negligence on the part of a parent could be a proximate cause of the accident.

■■ While during this discussion counsel for the defendant did use some language which, taken alone, might indicate a non-reliance of the pleaded defense of the infant plaintiff, we cannot find that it was a judicial waiver on the part of the defendant of his pleaded affirmative defense of contributory negligence on the part of the minor plaintiff. Nothing on the record indicates that it was so construed at the time by the court or the counsel involved. Furthermore, the record does not disclose that the plaintiff made the claim advanced here in the trial below. The record discloses that the objections made by the plaintiff to the charge of the court on submitting the question of contributory negligence to the jury were on the grounds that the defendant failed to argue such defense to the jury, and that the court should have entered a judicial waiver of this issue and should not have submitted it to the jury. At no time, does the record disclose, did the plaintiff present to the trial court the question of whether or not the defendant had waived the defense of contributory negligence because of the statement made in chambers. A question cannot be brought to this Court upon which it is made to appear that the trial court had no fair opportunity to pass judgment. *State* v. *Haskins*, 120 Vt. 288, 296, 139 A.2d 827. We find no error.

The plaintiff did except to the charge of the court on the matter of contributory negligence, as we have just indicated, on the ground that the defendant failed to argue such defense to the jury, and by such failure, the court should have found a judicial waiver of such defense.

■ There is no record before us of the closing arguments in the case made by counsel in behalf of the parties, and in the absence of such record we cannot pass upon the question raised as far as final arguments are concerned. *O'Brien* v. *Comstock Foods, Inc.*, 123 Vt. 461, 466, 194 A.2d 568; *State*

v. *Dolley,* 124 Vt. 376, 205 A.2d 572. Our inquiry must be confined to the opening statement of counsel for defendant to the jury. While the defendant did not mention the defense of contributory negligence in so many words in his opening statement, he did state that the infant plaintiff "was hurt as a result of either the car striking him, or he striking the car; that is, his running into the car." The last sentence of the statement was, "In other words we believe that our evidence will tend to prove to you that although there is injury, there is no liability in the case."

■ Viewed in the light most favorable to the defendant, we think that the opening statement of his counsel implied at least, that contributory negligence on the part of the plaintiff was a proximate cause of the accident. There is no clear disclaimer of the affirmative defense of contributory negligence which is asserted in the answer of the defendant, and the mere failure of the defendant to assert his defense of contributory negligence in so many words did not constitute a waiver of such defense, or preclude his subsequently relying upon it. 88 C.J.S. Trial Sec. 161, p. 316–317. We do not find, as plaintiff would have us, that the defendant waived his pleaded defense of contributory negligence, or that the case was tried upon the theory of any waiver of that issue.

The plaintiff also excepted to the charge of the court to the jury in the following language:

> "The plaintiff excepts to the Court's failure to charge that the boy under the circumstances, just arrived at the age of five years, as of May 15, 1966, was incapable of careless and negligent acts under the circumstances and the evidence introduced in the case. The plaintiff excepts to the Court's emphasizing the fact that a pedestrian on the highway is charged with the duty of being equally as vigilant as the defendant operator of a motor vehicle because each has separate rights on the highway. In view of the fact that the plaintiff's claim does not take it into consideration, the Court need not appraise the jury of the fact, and because of his immaturity and inability to be vigilant in his own behalf, a five year old boy is not capable of any negligent acts."

Again viewing the evidence in the light most favorable to the defendant, it appears that the infant plaintiff started elementary school at the age of six, which is some indication that he was of normal intelligence for one of his years. The evidence was undisputed that he had been repeatedly warned by his parents not to cross or go near the highway, upon which the accident happened, and that to his parents' knowledge he had never made such crossing before.

■■■■ We find no error in the charge of the court that "Pedestrians and motorists have equal and reciprocal rights in the use of the highway." *Taylor* v. *Mayhew,* 109 Vt. 251, 255, 195 A. 249. But the real brunt of the exception to the charge of the court is that the court charged incorrectly on the contributory negligence of the infant plaintiff, and should have charged the jury that the infant plaintiff was incapable of careless and negligent acts under the circumstances of the case and the age of the plaintiff.

We now quote from the instruction to the jury given by the trial court relative to the contributory negligence of children, in the cause below:

> "Now a child of tender years, in measuring if said child measured up to the degree of care required in order not to be guilty of contributory negligence as a proximate cause of the accident, is not required to exercise the same amount of care that is expected of an adult, but must exercise a care reasonably to be expected of children of like age, capacity, education and experience. A time when a child is capable of negligence is not a mere matter of age, but it depends on the circumstances shown, especially said child's mental development, previous training and previous experience."

At a later point in the instructions to the jury, the lower court stated:

> "However, a child is not required to use, as I have said, the same degree of care and vigilance as an adult but is only required to use that of a child of similar age, training and experience."

While this Court, in *Howe* v. *Central Vermont Ry. Co.,* 91 Vt. 485, 493, 101 A. 45, held that a child of less than three years of age was of such tender years that he must be incapable of exercising care, we have never adopted an arbitrary age limit below which a child is deemed incapable of contributory negligence. In the case of *Johnson's Administrator* v. *Rutland Railroad Company*, 93 Vt. 132, 106 A. 682, the question of contributory negligence on the part of a child six years and nine months was presented to the Court. The Court rejected the doctrine held in some jurisdictions that a child under the age of seven years should be deemed incapable of any care or discretion, as quoted below:

> "A more satisfactory doctrine, and one in harmony with our former decisions, is that a child may be of such tender years that he should be conclusively presumed incapable of judgment and discretion. On the other hand, he may be so mature in age and intelligence that the Court should say as a matter of law that he is capable of exercising some degree of care for his own safety under circumstances like those in question; in which case, under the rule that prevails with us, if there is no evidence that any care was exercised, the question of contributory negligence is one of law and not of fact. Lying between these limits, necessarily undefined as to age, are the cases where the question of capacity to encounter and avoid a given danger cannot be ruled as a matter of law, either that the child has or does not have any capacity for caution, or was capable or incapable of exercising care for his own safety in the circumstances. In such cases capacity is purely a question of fact to be submitted to the jury on the evidence." *Johnson's Administrator* v. *Rutland Railway Company, supra*, p. 140.

The doctrine set forth in *Johnson* was cited with approval in *Parker* v. *Gunther*, 122 Vt. 68, 72, 164 A.2d 152, in which the plaintiff was between six and seven years of age. In the instant case, where the circumstances of the case were that the five year old child was of average intelligence, had been repeatedly warned not to cross the travelled highway where the accident happened; but had darted out from behind one motor vehicle into the path of another, the question of

whether he possessed capacity to grasp understandingly the nature and extent of the danger which he encountered, was for the jury under proper instructions.

Even, if, as plaintiff argues there was a rebuttable presumption of lack of capacity to understand his acts in a child of the age of the plaintiff here, such presumption was rebutted by the evidence that the child had been repeatedly instructed not to venture into the very highway upon which the accident took place.

We find no error in the instructions of the trial court to the jury on this question submitted to them under our law, as set forth in *Johnson* v. *Rutland Railway Company, supra.*

▆▆▆▆▆ Plaintiff also contends that by reason of the fact that defendant's counsel did not argue the question of plaintiff's contributory negligence to the jury, that counsel for the plaintiff did not, in rebuttal, refer to such claim in his closing argument. The record, as we have before stated, does not contain the arguments of counsel. We cannot go outside the record before us, and this contention of the plaintiff cannot be considered by us.

The plaintiff's motion below to set aside the verdict and to grant a new trial, was based upon the same grounds which he has briefed and argued here. It follows that there was no error in its denial by the trial court.

*Judgment affirmed.*