## Charles E. Strengowski and Marie E. Strengowski v. Delbert B. Gomes and Laura Marckres Gomes

[268 A.2d 749]

No. 106-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed July 22, 1970

*McKee & Clewley*, Montpelier, for Plaintiffs.

*Free & Bernasconi*, Barre, for Defendants.

**Per Curiam.** On October 13, 1956, the plaintiffs, as vendors, entered into a contract for the sale of certain land and premises located in the Town of Hardwick, Vermont, to the defend-

ants, as purchasers. This instrument, commonly referred to as a "contract for a deed" called for certain monthly payments to be made by the defendants on the agreed purchase price of the premises. The defendants have defaulted. In this action of ejectment plaintiffs seek to recover possession of the property.

A hearing was held by the District Court, Caledonia Circuit, Unit No. 4, on June 11, 1969. At the close of the evidence, the court granted defendants' motion for a dismissal of the action on the grounds that the district court was without jurisdiction to try the case and afford the relief prayed for. The plaintiffs have appealed to this Court for review.

■ ■ The contract in question contained a defeasance clause in case of a default by the purchasers. Contracts of this character, contemplating the purchaser's use and occupancy of the premises, are regarded in equity as analogous to equitable mortgages. The right of forfeiture or defeasance for a breach of the covenants contained in the contract was only in aid of the security. *Van Dyke and Drew* v. *Cole*, 81 Vt. 379, 396, 397, 70 Atl. 593. A default by the defendants in not having made the monthly payments, as agreed, did not create the relationship of landlord and tenant.

Our statutes relating to ejectment are to be found in Chapter 169, 12 V.S.A. Included therein is section 4851 which reads as follows:

> "When the lessee of lands or tenements, either by parol or written lease, or a person holding under such lease, holds possession of such demised premises without right, after the determination of the lease by its own limitation or after breach of a stipulation contained in the lease by the lessee or a person holding under him, the person entitled to the possession of the premises may have from a justice a writ to restore him to the possession thereof."

The district courts of Vermont are now vested with the jurisdiction of cases which can qualify under section 4851, *supra*. 12 V.S.A. § 4858; 1965, No. 194 § 10. Unless the plaintiffs' action comes within the provisions of this section, it cannot be maintained.

An action under the above statute, commonly called "justice ejectment" does not lie against one in the possession of lands or tenements, unless they are held by a technical lessee, and all his title and right therein, both legal and equitable, has terminated. *Wheeler* v. *Wheeler*, 77 Vt. 177, 179, 59 Atl. 842. And a prerequisite to the bringing of this action in the district court is the existence of the relationship of landlord and tenant.

Such is not the case before us. According to their contract, the status of the plaintiffs is that of vendors. The defendants are their vendees. In this situation the plaintiffs are not entitled to the summary remedy afforded by 12 V.S.A. § 4851. *Crawford* v. *Jerry*, 111 Vt. 120, 122, 11 A.2d 210; *Trask* v. *Fountain*, 93 Vt. 83, 85, 106 Atl. 559.

The remedy lies only when the lessee holds without right after the determination of the lease. The provisions of the statute proceed upon the supposition that the lease is ended and the lessee is holding without right after the determination of the lease. *Sabourin* v. *Woish*, 116 Vt. 385, 387, 78 A.2d 333.

The record fails to reveal a landlord-tenant relationship between the parties to this litigation. Not having brought the case within the requirements of section 4851, *supra*, they cannot prevail. The district court was without jurisdiction and the dismissal of the action must be affirmed.

*Judgment affirmed.*