## Peter Gallerani & Sons, Inc. v. State Highway Board

[346 A.2d 529]

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 7, 1975

*Otterman and Allen,* Bradford, for Plaintiffs.

*M. Jerome Diamond,* Attorney General and *James E. Hirsch,* Assistant Attorney General, Montpelier, for Defendant.

**Billings, J.** The State of Vermont, by virtue of the construction of Interstate 91, condemned a portion of the plaintiff's property in the Town of Bradford, consisting of 17.8 acres of unimproved land. The plaintiff, being dissatisfied with the award of the State, appealed to the Orange Superior Court and received a verdict in the sum of $22,000. Pursuant to V.R.C.P. 59, plaintiff moved for a new trial and for amendment of judgment on the grounds that the damages awarded were inadequate, that the jury misconstrued the court's instructions, and that the defendant's counsel, on cross-examination, persistently attempted to offer evidence that was irrelevant, although the court excluded all such evidence. The Orange Superior Court denied the plaintiff's motion, from which denial the plaintiff now appeals.

There cannot be a new trial on grounds that the damages awarded were inadequate. The verdict of the jury was in the exact amount as testified by the defendant's expert appraiser as to damages, and it is within the range of the evidence and does not fall below the lower limits permitted by the evidence. *Kerr* v. *Rollins and Cote,* 128 Vt. 507, 510, 266 A.2d 804 (1970).

A claim that the jury misunderstood the trial court's instructions is equally without effect. From questions posed the court by a jury in a subsequent case, where three members of this jury also sat, plaintiff would infer that this jury thought its verdict must coincide exactly with the opinion of one of the experts. The plaintiff failed below to take any exceptions to the court's charge; and we assume, as we must, that the court's instructions were followed, especially since there is no contrary indication on the record. *Brunelle* v. *Coffey,* 128 Vt. 367, 264 A.2d 782 (1970). Moreover, an inquiry after verdict into the beliefs and motivation of the jurors would undermine the jury system and is improper. *State* v. *Barrett,* 132 Vt. 369, 375, 320 A.2d 621 (1974).

Plaintiff next contends that repeated questions as to his property holdings put forth, on cross-examination by the State, allegedly irrelevant testimony and were so prejudicial as to require reversal. The effect, he argues, was to portray him as a wealthy landowner before the jury, thus in-

fluencing them to return a low verdict. The State explains that the purpose of the questioned cross-examination was to probe the witness's knowledge of the real property sales market, since he had previously testified as to the value of the subject land taken. The scope of cross-examination of a party is within the discretion of the trial judge and in such case any material matter is relevant. *Mitchell* v. *Amadon,* 128 Vt. 169, 172, 260 A.2d 213 (1969). The burden of establishing prejudice by the mere inquiry relative to property holdings on cross-examination, especially when such offered evidence is excluded, is on the party claiming it. *State* v. *Berard,* 132 Vt. 138, 149, 315 A.2d 501 (1974). No such prejudice is found in the record here; the cross-examination was proper.

*Judgment affirmed.*