## State of Vermont v. Clark H. Fisher

[360 A.2d 102]

No. 158-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

Motion for Reargument Denied June 16, 1976

*M. Jerome Diamond,* Attorney General and *Alan W. Cook* and *Linda Levitt,* Assistant Attorneys General, Department of Corrections, Montpelier, for Plaintiff.

*Langrock and Sperry,* Middlebury, for Defendant.

**Billings, J.** The State of Vermont commenced a district court ejectment action, 12 V.S.A. § 4851, in the District Court of Vermont, Unit No. 5, Washington Circuit, against defendant in order to regain possession of an apartment owned by the State of Vermont and located on the premises of the Weeks School in Vergennes, Addison County, Vermont. Defendant moved to dismiss the action on the basis of improper venue, and plaintiff thereafter filed a motion for summary judgment relative to defendant's terminating his employment with the plaintiff.

The trial court denied defendant's motion to dismiss and granted plaintiff's motion for summary judgment respecting the issue of employment termination, while retaining jurisdiction as to the issue of ejectment. After trial by jury a plaintiff's verdict was returned, assessing damages at $525. Defendant appeals from the resulting judgment.

Until March 20, 1974, defendant was employed as a teacher at the Weeks School, on which date he submitted his resignation. During this period defendant occupied an apartment on the school grounds for the nominal rent of $3.46 bi-weekly. Defendant still occupies the apartment but has not paid rent since April 3, 1974, when defendant was terminated from the State payroll. Previously the rent payments were made through payroll deductions.

Defendant's first claim of error is that the trial court in an ejectment action involving possession of premises in Addison County had no jurisdiction since the venue was improper and could not be had in Washington County. In this connection, defendant assumes that this action concerns real estate and is governed by 12 V.S.A. § 402. This statute deals with county court, now superior court, actions, and such actions must be brought in the county where the land lies. What defendant fails to consider is that the action here is not a superior court action, 12 V.S.A. § 405; rather, it is a statutory district court ejectment action authorized by 12 V.S.A. § 4851. No one here disputes the fact that plaintiff has title to the real estate involved. 12 V.S.A. § 4851 is a summary remedy to recover possession of premises where a tenant holds over without right after termination of the lease. It is not a proceeding to establish or to settle title to real estate. *Sartwell* v. *Sowles,* 72 Vt. 270, 48 A. 11 (1899); *Canfield* v. *Hall,* 121 Vt. 52, 147 A.2d 886 (1959); *Canfield* v. *Hall,* 121 Vt. 479, 160 A.2d 768 (1960). An action under 12 V.S.A. § 4851 does not lie against one in possession of tenements unless, as here, it is held by a technical lease and all his title has terminated. *Strengowski* v. *Gomes,* 128 Vt. 555, 268 A.2d 749 (1970). In district court ejectment it makes no difference where the property lies. Venue is proper in the case at bar in view of the fact that the principal situs of plaintiff is Montpelier, its capital, so that the writ here is returnable to the territorial unit where one of the parties resides. 12 V.S.A. § 405.

Defendant additionally alleges error in that the trial court prevented him from litigating the relationship between the parties; that is, that of landlord/tenant or employer/employee. The record fails to sustain defendant's contention, and we find no error. A prerequisite to bringing an action of district court ejectment is the relationship of landlord/tenant.

*Strengowski* v. *Gomes, supra; Crawford* v. *Jerry*, 111 Vt. 120, 122, 11 A.2d 210 (1940); *Mead* v. *Owen*, 80 Vt. 273, 67 A. 722 (1907). The remedy lies only when the lessee holds without right after the termination of the lease, and proceeds on the supposition that the lease has ended and the lessee is holding without right. *Sabourin* v. *Woish*, 116 Vt. 385, 387, 78 A.2d 333 (1950).

In the case here there was clear evidence by the payment of the rent that the relationship of landlord/tenant exists. *Crawford* v. *Jerry, supra.* The record also shows that upon defendant's request, the court instructed the jury as follows:

> The defendant, Mr. Fisher, has denied that he is a tenant, and for that reason, feels that no payment is due from him or collectable by the state and that because he is not a tenant, that he can't be ejected. (Tr. p. 102.) A requisite or requirement to the bringing of an action under this section of the law is the existence of a landlord and tenant relationship. Where no lease exists between the parties, the remedy of ejectment is not available. Where a person's occupancy of a dwelling is incidental to his employment, no landlord and tenant relationship exists. (Tr. pp. 105, 106.)

It is presumed that the jury followed the instructions. *Gallerani & Sons, Inc.* v. *State Highway Board*, 133 Vt. 485, 346 A.2d 529 (1975).

*Affirmed.*