**In re the Estate of Janet K. Peloquin and the Estate of Joseph F. Peloquin, Jr.**

[409 A.2d 586]

No. 268-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

Motion for Reargument Denied November 20, 1979

560

*Rice & Knosher*, Montpelier, for Appellant.

*Edward J. Cashman* and *Frederick W. Coombs* (On the Brief), Essex Junction, for Appellee.

*Kolvoord, Overton & Wilson*, Essex Junction, for Creditors.

**Billings, J.** Minerva K. Maloof, appellant, was appointed administratrix of estates of Janet K. Peloquin and Joseph F. Peloquin, Jr. by the Chittenden Superior Court in 1971. Upon petition of certain creditors of the estates, the appellant was removed as administratrix in 1976, and Edward J. Cashman, appellee, was appointed special administrator by the probate court. The appellant appealed the removal order in the Chittenden Superior Court asking summary judgment and, after the appointment of the appellee, moved to strike him as a party, alleging that he lacked the authority to appear.

On June 2, 1978, appellant's attorney received notice from the Chittenden Superior Court that a jury would be drawn on June 7, 1978. Prior to that time the appellant's attorney had been advised by the Vermont Public Service Board that two hearings on cases in which he was involved would be heard on the same date. He immediately advised the deputy clerk of the superior court of the conflict, but failed to file a motion for continuance, contact the court, or avail himself of the procedure set forth in 4 V.S.A. § 906, which provides for resolution of appointment conflicts by the chief superior judge. When the attorney failed to appear for the jury drawing, the court, on motion, dismissed the appeal with prejudice, by an order filed June 8, 1978. On June 15, 1978, the appellant moved to set aside the order pursuant to V.R.C.P. 60(b), alleging the facts surrounding the failure of her counsel to appear and claiming that she was denied opportunity to explain the failure. On July 31, 1978, a hearing was held on the

motion, which was denied by order filed September 11, 1978. Appellant claims the superior court erred in denying (1) the motion to strike appellee as a party, (2) the motion for summary judgment, and (3) the motion to set aside the order dismissing the cause with prejudice.

■ A motion pursuant to V.R.C.P. 60(b) does not toll the running of appeal time under V.R.A.P. 4. There are some situations in which such a motion can be treated as a motion for a new trial pursuant to V.R.C.P. 59(e), which, if timely filed, would toll the running of the appeal time. See Reporter's Notes, V.R.C.P. 59(e). This case does not present one of those circumstances. The V.R.C.P. 60(b) motion here deals entirely with matters which were not before the trial court at the hearing on June 7, 1978, but which could have been presented with due diligence of counsel when the court dismissed with prejudice. For a V.R.C.P. 60(b) motion to be treated as a V.R.C.P. 59(e) motion, the grounds of the motion must present facts which could not, with the exercise of due diligence by counsel, have been placed before the court before the order complained of was issued. See *Daly* v. *Stratton*, 304 F.2d 666 (7th Cir.), *cert. denied*, 371 U.S. 934 (1962), in which it was held that a 60(b) motion to relieve a party from involuntary dismissal on the grounds of mistake, inadvertence, surprise or excusable neglect was not equivalent to a Rule 59 motion in federal practice. In view of the fact that a timely appeal from the June 7, 1978, order was not taken, the only issue for appellate review is whether the trial court erred in denying the motion for relief from judgment.

■■ In the instant case counsel failed to file a motion for a continuance pursuant to V.R.C.P. 40. Furthermore, he failed to avail himself of the procedure provided by 4 V.S.A. § 906. That procedure is set forth as follows:

§ 906. Conflicting appointments, excuse from attending by superior judge

When an attorney is required to attend more than one trial, hearing or other proceeding before a court or commission having judicial or quasi-judicial functions, or both, at times which conflict so that he cannot reasonably attend each appointment, he may request the chief

superior judge to designate which appointment he shall attend. The chief superior judge shall designate the appointment the attorney shall attend and shall notify the presiding magistrate of each court and commission of his decision. The attorney shall be excused from attending at that time any proceedings other than the one designated by the chief superior judge, and the other proceedings shall be rescheduled.

The engagement of counsel in other trial courts will not be considered cause for an automatic continuance, nor is it alone a ground for claiming abuse of discretion by the trial court in dismissing the action under V.R.C.P. 41. See *Fairview Garage, Inc.* v. *Terjelian,* 127 Vt. 239, 241, 246 A.2d 830, 832 (1968).

In the case of conflicting trial assignments, counsel has the burden of attempting to resolve the conflicts and may not rely on the personnel in a superior court clerk's office to solve the problem for him. The judgment must stand.

*Affirmed.*