NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 71

No. 2020-043

| | |
|---|---|
| Joe Golden | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Essex Unit, |
| | Family Division |
| | |
| Gwyn Worthington | June Term, 2020 |

Mary Miles Teachout, J.

Joe Golden, Pro Se, Richmond, Plaintiff-Appellant.

Zarina Suárez O'Hagin, Hardwick, for Defendant-Appellee.

Kyle Hatt, Staff Attorney, Springfield, for Vermont Office of Child Support.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1. **REIBER, C.J.** Following an appeal to the family division, father, Joe Golden, challenges a family division magistrate's order requiring him to continue paying child support past his son S.W.'s eighteenth birthday while S.W. is enrolled in a home-study program. We affirm.

¶ 2. The following facts are undisputed. Mother, Gwyn Worthington, and father had a child together, S.W., in 2000. On July 30, 2002, mother and father signed a child-support order, which stipulated that father would pay mother $450 per month in child support until S.W. turned eighteen, or "beyond [the] child's eighteenth birthday if the child is enrolled [in], but has not completed high school." When S.W. turned eighteen in June 2018, father stopped paying child support.

¶ 3.    In October 2018, mother and the Office of Child Support (OCS) filed a motion to enforce the 2002 Order.  The magistrate held a hearing on December 7, 2018, and issued an enforcement order that day.  This was a form order that did not include discussion about what evidence was presented or the magistrate's reasons for ordering enforcement.  Mother appeared at the hearing.  Father received notice of the hearing, but he did not appear.

¶ 4.    On January 10, 2019, father filed a motion to reconsider[1] the December 7 enforcement order, arguing in an affidavit that the 2002 order did not obligate him to continue paying child support past S.W.'s eighteenth birthday because S.W.'s home-study program was not high school.  Mother replied that she had presented evidence at the December 7 hearing that established S.W. was enrolled in a home-study program approved by the State of Vermont, and S.W. would receive a high school diploma in June 2019.  In May 2019, the magistrate denied father's motion to reconsider, stating that 15 V.S.A. § 658(c), part of the child-support statute, "encompasses home school programs," and noting that "[i]t is anticipated that this is [S.W.'s] last year in the [home-study] program."

¶ 5.    Father appealed the magistrate's denial of his motion to reconsider to the family division in June 2019.  Father argued that home study is not equivalent to high school, so the magistrate's order impermissibly expanded the scope of the 2002 child-support order.  In January 2020, without a hearing, the family division affirmed the magistrate's denial of father's motion to reconsider.  The court reasoned that "the Magistrate had authority under case law and the relevant statute to enforce child support obligations until [S.W.'s] graduation" based on the magistrate's "finding that [S.W.] was enrolled in a home school program expected to extend for another year past his eighteenth birthday."  Thus, according to the family division, the magistrate did not impermissibly modify the 2002 order.  The family division also rejected father's argument that

---

[1] Father characterized the initial motion as a motion to clarify.  However, the magistrate and family division construed the motion as a motion to reconsider.

home study is not high school, reasoning that father failed to preserve his argument because he did not appear at the December 7 hearing and "a motion to reconsider is not an opportunity to bring up new arguments." In a footnote, the court observed it was "not persuaded that home schooling is not encompassed by 'high school' or 'secondary education' for the purposes of determining the duration of a parent's child support obligation."

¶ 6.    Father appealed the family court's decision to this Court. He did not order a transcript of the December 7 hearing before the magistrate, stating in his notice of appeal that no transcript was necessary. Appearing pro se, father argues that the 2002 order only extends past S.W.'s eighteenth birthday if S.W. is enrolled in high school and that S.W.'s home-study program is not equivalent to high school. He asserts that home study differs from high school in numerous ways, including graduation requirements, the awarding of high school diplomas, who is in control of the student's program, and study-completion timelines, and he contends that S.W.'s standardized test scores indicate he could have completed his schooling before his eighteenth birthday. Mother argues that (1) father failed to properly preserve this argument because he did not attend the December 7 hearing, and (2) even if father had preserved his argument, S.W.'s home-study program is considered secondary education for purposes of extending child-support obligations under the relevant statute, 15 V.S.A. § 658. OCS asks this Court to affirm on the merits and decide when child support terminates by operation of law.

¶ 7.    In this appeal, we are asked to review the family court's decision affirming the magistrate's denial of father's motion to reconsider the December 7 enforcement order. An appeal of a magistrate's order to the family court is based "solely on the record" unless additional evidence is submitted "for good cause shown." V.R.F.P. 8(g)(4); see also 4 V.S.A. § 465 ("An appeal from a decision of a magistrate shall be on the record to the Family Division of the Superior Court."). In reviewing a family court's decision in an appeal from a magistrate, we begin with the "record made before the magistrate." Tetreault v. Coon, 167 Vt. 396, 399, 708 A.2d 571, 574 (1998)

3

(considering family court's decision to affirm magistrate's order and explaining that "[w]e start with the decision of the magistrate because that decision best raises the underlying issues"); see also Leitgeb v. Leitgeb, 2016 VT 97, ¶ 14, 203 Vt. 89, 152 A.3d 1177 (evaluating factual findings and legal conclusions of magistrate in appeal from family court's decision affirming magistrate's order). "We will neither set aside the magistrate's findings unless they are clearly erroneous, nor its conclusions if reasonably supported by the findings." Leitgeb, 2016 VT 97, ¶ 14 (citing Tetreault, 167 Vt. at 399-400, 708 A.2d at 574)). "[O]ur review of questions of law is nondeferential and plenary." Id.

¶ 8. The appellant "has the burden on appeal to produce a record that supports [the appellant's] position." In re J.S., 153 Vt. 365, 367 n.2, 571 A.2d 658, 659 n.2 (1989)); see also Whippie v. O'Connor, 2010 VT 32, ¶ 23 n.6, 187 Vt. 523, 996 A.2d 1154 (stating same and declining to consider evidentiary materials appellant produced on appeal but did not introduce into evidence in trial court). If the record is inadequate for proper review of the claims on appeal, we will not consider them. See, e.g., Collins v. Collins, 2017 VT 70, ¶ 24, 205 Vt. 251, 173 A.3d 345 (rejecting wife's arguments in divorce action, in part, because "the record [was] not sufficiently complete to enable us to thoroughly evaluate them" due to wife's failure to order necessary transcripts); State v. Dolley, 124 Vt. 376, 377, 205 A.2d 572, 573 (1964) (per curiam) ("An appealing party is required, at his peril, to bring forth a record to affirmatively establish that prejudicial error was committed in the tribunal whose action is sought to be reviewed. Since the record before us is entirely deficient in this respect, the appeal is dismissed." (citations omitted)).

¶ 9. Father argues that the magistrate erred in finding that S.W.'s home-study program qualifies as high school under the 2002 child-support order and in ordering him to continue paying child support on that basis. Resolving this dispute requires review of the evidentiary record, as well as a review of the magistrate's findings, analysis, and conclusions. "A transcript is necessary for appellate review of issues related to underlying facts . . . ." In re Joyce, 2018 VT 90, ¶¶ 20-21,

4

208 Vt. 226, 197 A.3d 378 (explaining that "[a] transcript is not necessary in every case," such as when "an appellate court . . . considers pure questions of law," but "[a] transcript is necessary for appellate review of issues related to the underlying facts"). Where there is no written order setting forth factual findings and conclusions, a transcript may also be necessary to show the "reasons for the ruling." See Dolley, 124 Vt. at 376, 205 A.2d at 573 (explaining that record was inadequate for review because "we have no transcript of the proceedings below," and therefore "we have no way of knowing how the question was presented to the trial court [or] the reasons for the ruling").

¶ 10. Here a transcript of the December 7 hearing is necessary for adequate review. At the very least, we need an evidentiary record to show that S.W. was, in fact, enrolled in a home-study program, as stated by the parties.[2] Because the December 7 order is a form order with no discussion, the transcript is also necessary to show the magistrate's reasoning. Father did not provide a transcript of the December 7 hearing, and it was his burden to do so. See In re J.S., 153 Vt. at 367 n.2, 571 A.2d at 659 n.2; see also V.R.A.P. 10(b)(1) (directing appellant to provide transcripts that are necessary for appeal and providing that, "[b]y failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review" (emphasis added)). Because we lack a sufficient record to review the magistrate's order, we have no basis on which to disturb it. See Joyce, 2018 VT 90, ¶¶ 21, 27 (affirming appellate officer's decision to dismiss appeal, in part, because record was inadequate for review and citing similar cases); Collins, 2017 VT 70, ¶¶ 23-24 (finding no abuse of discretion, in part, because appellant failed to order transcripts necessary for appellate review).

¶ 11. We acknowledge that father acts pro se in this proceeding. While we offer pro se litigants some procedural flexibility in the interest of justice, they are still expected to follow and

---

[2] In oral argument, mother's counsel points to a letter regarding S.W.'s home-study program that was proffered and accepted in the December 7 hearing. This letter is before us in the trial court file, but it is insufficient, on its own, to supply the evidentiary record necessary for review here.

be bound by the same procedural rules as litigants represented by counsel. See In re Entergy Nuclear Vt. Yankee, LLC, 2007 VT 103, ¶ 12, 182 Vt. 340, 939 A.2d 504 (noting that while this Court affords pro se litigants procedural flexibility with regard to preservation issues, "this does not mean that they are not bound by the ordinary rules of civil procedure" (quotation and alterations omitted)). Father failed to provide the necessary record for review, and we are unable to consider his appeal on the merits.

Affirmed.

FOR THE COURT:

_____
Chief Justice