| | | |
|---|---|---|
| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
| Windsor Unit | | Case No. 23-CV-03976 |
| 12 The Green | | |
| Woodstock VT  05091 | | |
| 802-457-2121 | | |
| www.vermontjudiciary.org | | |



| |
|---|
| **Vermont State Housing Authority v. Kristie Palowski** |

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss (Motion: 2)
Filer:       Kristie Palowski
Filed Date:  October 02, 2023

Plaintiff Vermont State Housing Authority owns the Windy Hill Acres Mobile Home Park in Springfield, and rents Lot #█ to defendant Kristie Palowski. On June 28, 2023, plaintiff sent a notice to defendant by both certified mail and first-class mail indicating that her rental agreement would terminate as of August 2, 2023, if she did not pay her overdue rent by that date. It does not appear that the certified mail was delivered. Defendant seeks dismissal of the complaint for that reason.

Generally, an ejectment action requires the plaintiff to prove that there was a rental agreement, that the rental agreement was properly terminated, and that the defendant thereafter remained in possession of the premises without right. 12 V.S.A. § 4851; *Andrus v. Dunbar*, 2005 VT 48, ¶ 10, 178 Vt. 554 (mem.). A proper termination of the rental agreement generally consists of a notice that was provided to the tenant prior to the commencement of the ejectment action. *Andrus*, 2005 VT 48, ¶ 10; *State v. Fisher*, 134 Vt. 339, 340–41 (1976); *Strengowski v. Gomes*, 128 Vt. 555, 557 (1970); *Sabourin v. Woish*, 116 Vt. 385, 387 (1950). In the case of evictions from mobile-home parks, the prescribed method for delivery of the notice is by certified or registered mail, 10 V.S.A. § 6237(a)(2), but the statute makes no provisions for what should be done when the certified or registered mail is returned as undelivered. Generally, the rule is not that notice is therefore impossible, but rather that "additional reasonable steps" should be undertaken that are "reasonably calculated" to provide the intended recipient with the required notice. *Jones v. Flowers*, 547 U.S. 220, 225 (2006); *Hogaboom v. Jenkins*, 2014 VT 11, ¶¶ 14–18, 196 Vt. 18.

Here, additional efforts were made, and a merits hearing is necessary to determine whether they were sufficient to support a finding in plaintiff's favor as to the essential elements of the ejectment action. See *Andrus*, 2005 VT 48, ¶¶ 10–15 (emphasizing the importance of notice, but describing proper notice as an element to be proven at trial, rather than as a jurisdictional question). For this reason, the motion to dismiss is denied. A remote pretrial conference will be scheduled.

Electronically signed on Monday, November 6, 2023 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 11/07/23
Windsor Unit