VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-05356

**215 Summer Street, LLC v. Melissa Thibodeau et al**

## ENTRY REGARDING MOTION

Title: Motion for Relief From Judgment; Motion Under VRCP 60(b)(1);
   Motion for Relief From Judgment Under VRCP 60(b)(1)
   (Motion: 44; 45)
Filer: Megan R. C. Calla, Esq.
Filed Date: December 09, 2025; December 20, 2025

### Decision on V.R.C.P. 60(b)(1) Motions

The Plaintiff, 215 Summer Street, LLC, through its attorney, Megan Calla, Esq., filed duplicate motions seeking relief from a final judgment pursuant to Rule 60(b)(1) of the Vermont Rules of Civil Procedure (V.R.C.P.). The Plaintiff seeks relief from judgment in favor of the Defendants, Melissa Thibodeau, Debra Tilton and Joshua Thibodeau, on the no-cause termination of lease claim to seemingly be able to re-open the litigation and bench trial on that single count.

The Defendants did not file a written response with the Court. The Court has exercised its discretion to issue a decision solely on the Plaintiff's pleadings. The issue raised by Plaintiff is legal in nature, not a factual dispute, and therefore, a hearing is unnecessary. V.R.C.P. 7(b)(5) and (6).

First, the Court finds that Plaintiff's motion filed on December 20, 2025, is timely under the rule as it is not more than one year after the judgment issued by this Court on January 2, 2025. Second, the Plaintiff's claim of trial judge error of law is a mistake within the meaning of federal civil procedure allowing relief from final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect, even if the error is not an obvious legal mistake. *Kemp v. United States*, 596 U.S. 528, 534, 142 S.Ct. 1856, 213 L.Ed.2d 90 (2022); see also *Neathawk v. Langlois*, 2024 WL 166966, at *3 (Vt. Jan. 12, 2024) (unpub. mem.) (citing *Kemp* for proposition that "under equivalent federal rule … 'Rule 60(b)(1) covers all mistakes of law made by a judge'"). As the Vermont Rules of Civil Procedure are based on the Federal Rules, the Court finds that an allegation of judicial error of law falls within the ambit of Rule 60(b)(1), see Reporter's Note, V.R.C.P. 60 ("This rule is substantially identical to Federal Rule 60."), though should not be intended as a substitute to a timely appeal, *Bigelow v. Bigelow*, 168 Vt. 618, 721 A.2d 98 (1998). See also *Adamson v. Dodge*, 174 Vt. 311, 327, 816 A.2d 455 (2002) ("Interests of finality require that relief from a previous judgment should be granted only in extraordinary circumstances."). The rule "does not protect a party from tactical decisions which in retrospect

may seem ill advised," *Okemo Mountain, Inc. v. Okemo Trailside Condominiums, Inc.*, 139 Vt. 433, 436, 431 A.2d 457 (1981) (citation omitted), and it is not an otherwise "open invitation to reconsider matters concluded at trial," *John A. Russell Corp. v. Bohlig*, 170 Vt. 12, 24, 739 A.2d 1212 (1999) (quotation omitted). The Court is, therefore, implored to adhere to the principles of "certainty and finality of judgments so that litigation can reach an end." *Richwagen v. Richwagen*, 153 Vt. 1, 4, 568 A.2d 419 (1989).

In this case, the Plaintiff sought ejectment against the Defendants based upon two notices she provided: 1) for no cause effective on December 31, 2023; and 2) for alleged violations of the written lease agreement for failing to comply with a material term prohibiting the tenant from destroying, defacing, damaging or removing the property or from making alterations or improvements without the landlord's consent. The Plaintiff filed the ejectment complaint on December 22, 2023. In its oral findings and conclusions from January 2, 2025, the Court held that because the complaint was filed before the termination date for no cause on December 31st, it could not support a claim of ejectment. The trial court looked to 9 V.S.A. § 4467(k) for support, which states, "[A] notice to terminate a tenancy shall be insufficient to support a judgment of eviction unless the proceeding is commenced not later than 60 days from the termination date set forth in the notice." The trial court found that Plaintiff's no cause action filed 9 days before the tenancy termination date for no cause was too soon. Therefore, the trial court found that Plaintiff was not entitled to judgment of eviction if the tenancy had not yet been terminated as of the date the complaint was filed. The trial court looked to *Andrus v. Dunbar* as further support requiring a prior and effective notice of termination by the landlord. 2005 VT 48, 178 Vt. 554. The Court rejected the Plaintiff's argument that as the no cause eviction count was identified as anticipatory, it was properly filed even if nine days early.

The Court finds that the trial court did not commit a mistake that requires relief from the judgment on the Plaintiff's no cause eviction count. "Punctilious compliance with all statutory eviction procedures, including notice provision" is required in residential leases. *In re Soon Kwon,* 2011 VT 26, ¶ 14, 189 Vt. 598, 19 A.3d 139. When considering the long-standing Vermont case law of strict compliance with notice requirements under the Residential Rental Agreements Act, it distinguishes these residential eviction cases that are highly regulated by statute from other types of litigation such as divorce that permit anticipatory claims. Moreover, Vermont law is clear that ejectment is a remedy available to the landlord "after the determination of the lease" and "proceed[s] upon the supposition that the lease is at an end." *Sabourin v. Woish*, 116 Vt. 385, 387, 78 A.2d 333 (1950). It is thus resolutely "only when the lessee holds without right *after the determination of the lease* that a plaintiff can resort to the remedy." *Id*. (emphasis added). See also *In re Parker*, 2001 WL 34050702, at *2 (Bankr. D. Vt. Apr. 24, 2001) (noting that under Vermont law, a landlord seeking to evict a residential tenant must, before commencing the process, "wait for the termination date in the notice to pass").

To the extent that the Vermont Supreme Court has not spoken explicitly to the propriety of anticipatory evictions, it appears plausible, based on its previous observations in a closely adjacent context, that Vermont law treats a termination notice as a procedural requirement that

establishes a future termination date rather than as an instrument that immediately ends the lease upon delivery. And so, for instance, a three-justice panel has before observed that

> [t]he trial court … properly ruled that the claims based on the termination notices of January 3 and January 17 had not properly accrued, as the lawsuit was filed prior to the stated termination dates. The statute provides that "[i]f the tenant remains in possession after termination of the rental agreement … the landlord may bring an action for possession." 9 V.S.A. § 4468 [emphasis deleted]. The lawsuit filed on January 11 was therefore premature as to those notices with later termination dates. See *Avdich v. Kleinert*, 69 Ill.2d 1, 12 Ill.Dec. 700, 370 N.E.2d 504, 508 (Ill. 1977) (plaintiff landlord was not entitled to possession until after expiration of stated termination date and therefore could not maintain action to recover possession prior to that time); *Hous. Auth. of the City of Newark v. Caldwell*, 247 N.J.Super. 595, 589 A.2d 1088, 1089 (N.J. Super Ct. Law Div. 1991) (filing complaint for possession prior to expiration of required termination period means cause of action has not accrued, and court lacks jurisdiction to dispossess tenant).

*Northgate Hous. Ltd. v. Kirkland*, 2002 WL 34422174, at *3 (Vt. Nov. 2002) (unpub. mem.). See also *Boyer v. Niquette*, 2014 WL 3714703, at *2 (Vt. Jan. 7, 2014) (unpub. mem.) (Robinson, J., dissenting) (observing that "letter initiating the termination of a tenancy is not tantamount to a complete and effective termination of that tenancy"); *Bean v. Bickford*, 2009 WL 8019257 (Vt. Super. Ct. May 22, 2009) (Bent, J.) ("The common law requires that before a tenancy is terminated, there must be an act of termination. Until that point in time, a landlord is not entitled to possession as against a tenant in otherwise lawful possession.").

Additionally, the Plaintiff was able to amend her complaint pursuant to V.R.C.P. 15(a) but failed to do so. The Plaintiff could have added the no cause eviction count after the date of termination on December 31, 2023, which is permitted under 9 V.S.A. § 4467(i). Again, the Plaintiff's election not to amend the complaint to add the no cause eviction when it became ripe is not a basis to seek relief from judgment now under V.R.C.P. 60(b)(1). See e.g., *Penland v. Warren*, 2018 VT 70, ¶ 7, 208 Vt. 15 ("[R]ule [60] does not protect a party from tactical decisions which in retrospect may seem ill advised, and it is not an open invitation to reconsider matters concluded at trial.").

Also salient to the Court, the Plaintiff has since filed a new ejectment case against the same Defendants at the same property with new notices provided in Docket 25-CV-01630. In this new docket, the Court issued a rent escrow order on November 24, 2025, and has set a hearing on Plaintiff's motion for default judgment against Defendant Joshua Thibodeau. The Court is not persuaded by the Plaintiff's argument that the trial court's ruling that amending the complaint under V.R.C.P. 15(a) to cure her unripe no cause eviction count contradicts the principles of judicial efficiency embodied within V.R.C.P. 1. The Residential Rental Agreements Act statutory requirements to ensure that tenants are provided with proper notice before being evicted fall squarely within a tenant's due process rights to notice that V.R.C.P. 1 was not intended usurp.

**Order:**

For the reasons stated above, the Plaintiff's duplicate motions #44 and #45 are Denied.

Dated January 7, 2026.

Electronically signed pursuant to V.R.E.F. 9(d).

*Kerry a. mc Donald-Cady*

_____

Kerry A. McDonald-Cady, Superior Court Judge

Vermont Superior Court
Filed 01/07/26
Windsor Unit