NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 42

No. 2016-254

| | |
|---|---|
| Shashi Airi | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| Gurdeep "Sunny" Nagra | February Term, 2017 |

Michael J. Harris, J.

Shashi Airi, Pro Se, Mercerville, New Jersey, Plaintiff-Appellee.

Gurdeep Nagra, Pro Se, Mississauga, Ontario, Canada, Defendant-Appellant.

PRESENT:  Reiber, C.J., Dooley, Skoglund, Robinson[*] and Eaton, JJ.

¶ 1.  **SKOGLUND, J.**  Defendant Gurdeep "Sunny" Nagra appeals the trial court's decision in favor of plaintiff Shashi Airi.  The court issued a written judgment on June 21, 2016, specifying the amount of damages awarded to plaintiff and indicating in the judgment that all of its findings of fact and conclusions of law were made on the record.  Because defendant did not submit the transcripts of that record, he waived his right to contest the issue on appeal under Vermont Rule of Appellate Procedure 10(b)(1).  Thus, we affirm.

¶ 2.  Plaintiff filed suit against defendant on May 5, 2011.  The trial court held a bench trial on June 21, 2016.  Although defendant did not appear or present evidence on his behalf, it

---

[*] Justice Robinson was present for oral argument, but did not participate in this decision.

appears the core dispute between the parties was whether defendant acted as an individual or as a representative of a business entity when he contracted with plaintiff during two time periods in 2007 and 2008.

¶ 3. Here are the bare facts that can be gleaned without the transcripts. Initially, defendant hired plaintiff to manage two hotels in Brattleboro. In this capacity, plaintiff was employed by a variety of business entities that owned the hotels. Defendant was either a member, partner, or shareholder in these entities until October 2007, when federal agents raided defendant's various business entities and the physical hotels. As a result of the raids and defendant's subsequent prosecution, the business entities that employed plaintiff went into receivership. At this point, on November 5, 2007, defendant contracted in an individual capacity with plaintiff to assist with the receivership proceedings and to perform the duties defendant could not accomplish because of the pending criminal charges. The parties agreed to a rate of pay. Plaintiff performed the required tasks until December 14, 2007, when the properties were out of receivership. This period, from November 5, 2007 to December 14, 2007, is the first period of dispute. The trial court awarded plaintiff $7215 for services rendered during this period.

¶ 4. The second period is from June 13, 2008, to September 1, 2008. Again, defendant hired plaintiff to complete certain hotel management tasks and hotel financing projects that defendant could not accomplish because of defendant's legal issues. They agreed on a compensation rate, and plaintiff completed the assigned tasks. The trial court awarded $19,093 for services rendered during this period.

¶ 5. Defendant now appeals and claims that he never personally contracted with defendant. Instead, he argues that plaintiff was employed at all times by various entities and, as a result, defendant should not be personally liable for his salary. As explained above, however, defendant did not order a transcript of the trial. Instead, he indicated in his appeal that a transcript was not necessary. Under Vermont Rule of Appellate Procedure 10(b)(1), defendant "waives the

2

right to raise any issue for which a transcript is necessary for informed appellate review." Here, without the trial transcript, this Court is unable to review the evidence to determine if it supports the trial court's factual findings. As such, "this Court assumes that the trial court's findings are supported by the evidence." Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523, 107 A.3d 911. Based on this appellate record, moreover, the court's legal basis for awarding plaintiff damages is not reviewable without the transcript. The trial court plainly relied on a contractual or quasi-contractual theory, but such a legal conclusion is heavily dependent on the court's factual findings. See Bixler v. Bullard, 172 Vt. 53, 58, 769 A.2d 690, 694 (2001) ("Intent to be bound is a question of fact to be determined at trial."); Cliche v. Fair, 145 Vt. 258, 263, 487 A.2d 145, 149 (1984) (upholding trial court's determination that parties formed oral employment contract based on credible evidence). Because we cannot review the evidence, the court's factual findings, or its ultimate legal conclusion, defendant has waived the right to raise the issue on appeal.

    Affirmed.

FOR THE COURT:

_____

Associate Justice

3