NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 90

No. 2017-440

| | |
|---|---|
| In re Richard H. Joyce | Supreme Court |
| | On Appeal from Office of Professional Regulation |
| | May Term, 2018 |

Stephen A. Reynes, Appellate Officer

Richard H. Joyce, Pro Se, Wilmington, Appellant.

Elizabeth A. St. James, Office of Professional Regulation, Montpelier, for Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **CARROLL, J.** Richard H. Joyce appeals the decision of an appellate officer within the Office of Professional Regulation dismissing his appeal for failure to file a statement of questions for consideration on appeal and complete the record for appellate review by ordering a transcript. We affirm.

¶ 2. Joyce has been a licensed surveyor since 1969. In 2014, Joyce completed a survey of the boundary between two adjoining properties. One of the property owners filed a complaint with the Office of Professional Regulation, Board of Land Surveyors (OPR) on December 5, 2014, regarding Joyce's compliance with professional surveying standards. OPR opened an investigation into the complaint and, in October 2015, notified Joyce that, after careful review of the complaint, "the Investigative Team found that the minimum standards [for the practice of the profession] were met." Accordingly, OPR closed the investigation and did not pursue any charges related to the complaint at that time, though OPR did notify Joyce that "[c]losure [did] not preclude

re-opening and reconsideration of the underlying facts should a pattern of practice or administrative deficiencies become apparent from future complaints."

¶ 3.    In June 2016, OPR sent Joyce a letter stating that "[n]ew evidence ha[d] been brought to [its] attention . . . that warrant[ed] further investigation and reconsideration." OPR did not disclose the nature or origin of the new evidence. In December, OPR sent Joyce a letter notifying him that "[t]he State Prosecuting Attorney ha[d] filed the enclosed charges and ha[d] asked the Office of Professional Regulation to take disciplinary action against [his surveying] license."[1] Joyce responded to the notice of the charges with a nine-page letter concerning the merits of the case and requesting, among other things, that OPR "[c]onsider [the] letter to be a Motion to close [the] case." A hearing on the charges was held in June 2017.

¶ 4.    OPR issued a decision on the charges in late July 2017, finding that the State had proven that Joyce violated four provisions governing professional standards for surveyors. OPR fined Joyce $750 and placed a two-year condition on his surveying license, requiring that he complete additional surveying training within 180 days of the entry of the order. The order noted Joyce's right to file an appeal with an OPR appellate officer within thirty days of the entry of the order, pursuant to 3 V.S.A. §§ 129(d) and 130a. The order also contained instructions on how to request forms for proceeding in forma pauperis, including a statement that in forma pauperis status would make Joyce eligible to receive a transcript of the June hearing without cost.

¶ 5.    Joyce subsequently hired an attorney, who filed a notice of appearance and a notice of appeal on Joyce's behalf in August 2017. The notice of appeal argued that the complaint against Joyce had been closed in 2015, subject to reconsideration only "should a pattern of practice or

---

[1] One charge alleged a violation of 3 V.S.A. § 129a(b)(2), which penalizes the "[f]ailure to practice competently . . . includ[ing] . . . failure to conform to the essential standards of acceptable and prevailing practice"; and three charges alleged violations of Part 5 of the Administrative Rules of the Board of Land Surveyors, which generally governs land surveying standards and "establish[es] minimum procedural and technical criteria to govern the performance of land surveyors." Administrative Rules of the Board of Land Surveyors § 5.2(a), Code of Vt. Rules 04 030 130, https://www.lexisnexis.com/hottopics/michie.

administrative deficiencies become apparent from future complaints[,]" and, because OPR's 2017 order appeared to contain no "new evidence or administrative deficiencies of the initial decision to close the case," OPR's renewed investigation of the initial complaint against Joyce was therefore "barred by the doctrine of res judicata." The notice of appeal also argued that, because OPR failed to notify Joyce of new information or changed circumstances that warranted reopening his case, it was estopped from issuing a decision contrary to the one originally closing the case. The notice of appeal included a second document, drafted by Joyce personally, which listed Joyce's point-by-point responses to OPR's order. This document responded to each paragraph of OPR's factual findings and included counterarguments to each of OPR's legal conclusions and an analytic response to OPR's interpretation of a professional responsibility rule at issue.

¶ 6. In September 2017, OPR sent a letter to Joyce's attorney asking that he submit "a statement of questions to be determined by the Appellate Officer[,]" within ten days, as well as make arrangements to obtain either a recording of the June 2017 hearing or a transcript of the hearing.[2] The letter noted that the cost of acquiring the transcript would be $440, two-thirds of which was payable at the time the transcript was ordered. Joyce's attorney responded by sending a letter to OPR stating his client's intention to proceed without filing a brief, and instead rest on the legal argument outlined in the notice of appeal. In this letter, Joyce's attorney requested that the appellate officer "proceed in reviewing this matter in a summary manner based on the filings." Joyce's attorney further noted that a transcript would be unnecessary to the resolution of the case because the appeal presented only questions of law. The letter also explained that Joyce could not afford to pursue the case "given the transcript fees and legal fees," a sentiment which Joyce

---

[2] Administrative Rule of Practice 4.2(B) requires a transcript when a hearing lasts longer than three hours, otherwise the audio recording of the hearing may be substituted for purposes of record completion and review before an OPR appellate officer. The hearing in this case was three hours and three minutes long. Administrative Rules of Practice § 4.2(B), Code of Vt. Rules 04 030 005 [hereinafter Administrative Rules of Practice], https://www.lexisnexis.com/hottopics/michie.

reiterated in a supplementary document. The OPR appellate officer issued an order treating these two documents "as a Motion to which the State is entitled to file a response."

¶ 7. The State subsequently filed a combined opposition to Joyce's motion for a summary ruling and a motion to dismiss Joyce's appeal. The State argued that Joyce's failure to order a transcript and file a statement of questions or brief constituted critical procedural irregularities requiring dismissal of the appeal. Alternatively, the State noted that "[i]f an appeal is permitted to continue, the State requests that Respondent be required to submit a statement of questions, order a transcript, and file an appellant brief as required by the [Administrative Rules of Practice of the Office of Professional Regulation]." The appellate officer issued an order on October 19, 2017, allotting time for Joyce or his attorney to file a response to the State's motion to dismiss. The order further noted that absent such a response, the appellate officer would "decide all pending motions based on the [r]ecord."

¶ 8. On October 23, 2017, Joyce responded personally to the State's motion with, essentially, several pages of factual assertions contesting the factual findings in OPR's July 2017 order. Joyce also requested a stay of the $750 penalty pending resolution of the case. On November 6, 2017, Joyce's attorney filed a response to the State's motion, as well as a motion to withdraw as Joyce's counsel. The attorney's response was received and docketed on November 8, 2017. In his filing, Joyce's attorney reiterated that the appeal presented two legal issues—both raised in the attorney's notice of appeal—and that, therefore, a transcript was unnecessary for resolution of the appeal. Neither Joyce nor his attorney filed a statement of questions, ordered a transcript of the June 2017 hearing, or filed a brief.[3]

¶ 9. In November 2017, the appellate officer issued an order (1) granting Joyce's attorney's motion to withdraw, (2) granting Joyce's request to extend the period for payment of

---

[3] The appellate officer's decision did not turn on Joyce's failure to file a brief, and we need not address this issue.

4

the civil penalty, (3) denying Joyce's request to decide the matter "in a summary manner," and (4) granting the State's motion to dismiss the appeal. Joyce appeals from this order.

¶ 10. On appeal, Joyce raises numerous issues regarding the merits of OPR's July 2017 decision finding that he violated the standards of professional conduct. Joyce also makes reference to his attorney's res judicata argument regarding that decision. But the July 2017 decision is not on appeal here. The decision on appeal did not reach the merits of the July 2017 decision—that is, the OPR appellate officer did not review OPR's factual findings or its conclusions of law based on those factual findings. The appellate officer's decision turned exclusively on whether Joyce had complied with procedural requirements such that the appellate officer <u>could</u> review OPR's July 2017 merits decision. Thus, the only issues before us in this appeal are whether the OPR appellate officer properly denied Joyce's motion for "review in a summary manner based on the filings" and whether the officer properly granted the State's motion to dismiss for failure to follow procedural requirements. Because these issues go hand in hand, we address them together.

¶ 11. Our standard of review in this case is controlled by the nature of the decision on appeal. The appellate officer's order did not specifically identify any rule of procedure that permitted dismissal of Joyce's action, but that dismissal was premised on Joyce's failure to comply with filing requirements, including a deadline imposed by the appellate officer for filing of a statement of questions and initiating a transcript request. We read the appellate officer's decision as essentially the kind of dismissal contemplated by Vermont Rule of Appellate Procedure 42(b), which permits dismissal of "any docketed case in which a party has not complied with a filing deadline." See, e.g., <u>In re B.M.</u>, 165 Vt. 194, 196 n.3, 679 A.2d 891, 893 n.3 (1996) (dismissing appeal under Rule 42(b) because "[a]lthough [party] filed a notice of appeal, she did not file a brief or otherwise prosecute her case in this Court"). This rule has been incorporated into the rules of administrative practice, and thus applies to OPR proceedings. Administrative Rules of Practice § 2.4: Procedures Not Specifically Governed, Code of Vt. Rules 04 030 005 [hereinafter § 2.4: Procedures Not Specifically Governed], https://www.lexisnexis.com/hottopics/michie.

5

¶ 12. This Court reviews "an agency's procedural rulings for abuse of discretion," including an agency's decisions applying judicially adopted rules of procedure and practice, such as the Vermont Rules of Civil Procedure and the Vermont Rules of Appellate Procedure. In re Stowe Cady Hill Solar, LLC, 2018 VT 3, ¶ 17, __ Vt. __, 182 A.3d 53. The standard we apply when reviewing for an abuse of discretion remains the same regardless of whether we are reviewing a trial court decision or an agency decision—"we will find an abuse of discretion where an agency has declined to exercise its discretion or has done so on untenable or unreasonable grounds." Id. In this case, and for the reasons explained below, we hold that the appellate officer did not abuse his discretion in dismissing Joyce's appeal.

¶ 13. The appellate officer's decision began with 3 V.S.A. § 130a, which sets out the right of appeal from an agency decision to an appellate officer within the same agency and provides that the appellate officer's "review shall be conducted on the basis of the record created before the board." Id. § 130a(a)(2)(A). Specifically, "[t]he appellate officer shall not substitute his or her judgment for that of the board . . . as to the weight of the evidence on questions of fact." Id. § 130a(b). Thus, in contrast to a de novo proceeding, in an appeal to an OPR appellate officer, the appellate officer is limited to consideration of the facts and evidence at issue in the earlier proceeding. The procedural requirements for an appeal to an OPR appellate officer are set out in the OPR Administrative Rules of Practice, of which rules 4.1 and 4.2 are particularly relevant in this case. Rule 4.1 provides that a party may appeal a decision by filing a notice of appeal, "[t]he notice of appeal shall include a statement of questions to be determined by the Appellate Officer." Administrative Rules of Practice § 4.1(A). Rule 4.2 defines the record on appeal before an appellate officer—"[t]he record on appeal shall consist of the original papers listed in 3 V.S.A. § 809(e), including exhibits, any transcript of the proceedings, and a certified copy of the docket entries prepared by the Docket Clerk." Id. § 4.2(A).

¶ 14.	Here, Joyce provided the appellate officer with neither a statement of questions nor a transcript.  Thus, according to OPR rules, the record was not complete, and the appellate officer was effectively unable to conduct a review of the proceedings below.

¶ 15.	As noted above, a statement of questions is a required component for intra-agency appellate review under OPR rules of practice.  Although the OPR rules do not explain the reason that a statement of questions is required, a statement of questions is likewise required for proceedings before the Environmental Division under Vermont Rule of Environmental Court Proceedings 5(f), and the Reporter's Notes to that rule are persuasive on the need for a statement of questions.  In that context, "[t]he statement functions like a pleading to limit the issues that are to be heard on the appeal."  Reporter's Notes, V.R.E.C.P. 5(f).  The statement of questions serves to define the issues on appeal, both for the appellate officer or court and for other parties.  See In re Atwood Planned Unit Dev., 2017 VT 16, ¶¶ 13-14, 204 Vt. 301, 167 A.3d 312 (explaining court could require party to clarify and limit statement of questions "to ensure [other party] and the court had notice of the matters to be considered on appeal"); In re Jolley Assocs., 2006 VT 132, ¶¶ 8-9, 181 Vt. 190, 915 A.2d 282 (affirming court's consideration of issues beyond "literal language" of statement of questions when issues were impliedly part of questions posed).

¶ 16.	A statement of questions is also required for appeals to the superior court from the Probate Division.  V.R.C.P. 72(c).  In that context, we have explained that the statement of questions has a "limited function" and "serves to focus, but cannot limit, the issues for the court." In re Estates of Allen, 2011 VT 95, ¶ 8, 190 Vt. 301, 30 A.3d 662 (quotation omitted).  A court can accordingly consider issues that constitute "a logical corollary" to the issues presented in the statement of questions even if those issues are not explicitly stated in the statement of questions. Id. (quotation omitted).  The corollary of this rule is the same as that in the environmental context—the statement of questions gives notice of the scope of the issues, the court's consideration is limited to issues within that scope, and the other party's advocacy is tailored to issues within that scope.  See, e.g., id. ¶¶ 9-11 (affirming trial court decision requiring party to

7

prove underlying claim where claim was "clearly relevant to the case" even though claim was not raised in statement of questions).

¶ 17. An appeal in both the environmental and probate contexts is de novo, rather than on the record as in an appeal before an OPR appellate officer. See V.R.E.C.P. 5(g); V.R.C.P. 72(d). But the rationale for requiring a statement of questions is nonetheless applicable in this case. The notice of appeal filed by Joyce's attorney raised two legal issues, but the notice of appeal was filed with a document prepared by Joyce that disputed OPR's factual findings and raised counterarguments to OPR's legal conclusions and interpretation of the governing standards of practice. Although Joyce's attorney stated in a later filing that the appeal presented solely the questions of law included in the original notice of appeal, Joyce's personal filings appeared to raise multiple issues directed precisely at the merits of that decision. The two documents, though filed together, cannot be reconciled. On this conflicting record, we cannot conclude that either the appellate officer or the State had notice of the issues on appeal, which a formal statement of questions would have provided.

¶ 18. This Court typically defers to an agency's interpretation of its own regulations, as long as the agency's interpretation is consistent with governing statute. Stowe Cady Hill, 2018 VT 3, ¶ 20. Here, OPR's interpretation of its regulations concerning the statement of questions requirement is given practical effect by the appellate officer's order dismissing Joyce's appeal. This decision was consistent with the statement of questions requirement in other contexts and with our caselaw reviewing that requirement. We thus see no reason not to defer to the appellate officer's implied interpretation of the statement of questions requirement and, accordingly, in this case, we conclude that the appellate officer acted within his discretion by requiring Joyce to comply with the rules of administrative practice and file a statement of questions.

¶ 19. Our conclusion is further supported by the nature of Joyce's filings in this Court. His arguments here are directed at the merits of the July 2017 OPR decision, and he disputes both OPR's findings of fact and OPR's legal conclusions. This suggests that Joyce was raising

8

arguments related to the merits of that decision before the appellate officer, rather than simply arguing that the July 2017 decision was barred by res judicata or estoppel, as Joyce's attorney represented. A statement of questions would have served to focus the issues on appeal before the OPR appellate officer such that the appellate officer and the State would have the notice necessary to address the issues presented.

¶ 20. We likewise conclude that the appellate officer did not abuse his discretion by requiring Joyce to make arrangements to complete the record for review by ordering a transcript of the June 2017 hearing. A transcript is not necessary in every case. See V.R.A.P. 10(b)(1) ("The appellant must either file and serve a statement that no transcript is necessary or order from a Court-approved transcription service a transcript . . . .").[4] Specifically, a transcript is not required when an appellate court, or, as in this case, an appellate officer, considers pure questions of law. A pure question of law is one whose "resolution . . . do[es] not depend upon factual distinctions and do[es] not require review of the record." In re Estate of Johnson, 158 Vt. 557, 559, 613 A.2d 703, 704 (1992). For example, in Evans v. Cote, we reviewed a defendant's question of statutory interpretation despite his failure to order a transcript. 2014 VT 104, ¶ 13, 197 Vt. 523, 107 A.3d 911. But in the same case, we were unable to consider the defendant's challenge to the sufficiency of the evidence because, without a transcript, we could not review the record or "evaluate whether there was sufficient evidence to support the court's findings." Id. ¶¶ 7-12.

¶ 21. A transcript is necessary for appellate review of issues related to the underlying facts, whether those facts go to the elements of a charge or the procedural course of an action, and under Rule 10(b)(1), "[b]y failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review." This is because, lacking a complete record, we are "unable to review the evidence to determine if it supports the trial court's factual findings." Airi v. Nagra, 2017 VT 42, ¶ 5, __ Vt. __, 169 A.3d 1317 (assuming that trial

---

[4] Rule 10 applies to proceedings before OPR appellate officers. § 2.4: Procedures Not Specifically Governed.

9

court's finding that defendant personally contracted with second defendant was supported by evidence where transcript was not ordered); State v. Dolley, 124 Vt. 376, 376, 205 A.2d 572, 573 (1964) (per curiam) (dismissing appeal because appellant did not order transcript and explaining that, without complete record, court had "no way of knowing how the question [on appeal] was presented to the trial court, the reasons for the ruling and whether or not the respondent participated in the action of which he now complains"); Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 488-89, 160 A.2d 888, 891-92 (1960) (assuming that trial court's twenty-two factual findings challenged by defendant were supported by evidence because "[t]o omit to incorporate into the record on appeal the transcript of applicable testimony and proceedings without authorization is to forfeit review of questions requiring reference to the transcript"). The same is true of legal conclusions that are "heavily dependent on the [trial] court's factual findings." Airi, 2017 VT 42, ¶ 5; see State v. Synnott, 2005 VT 19, ¶ 25, 178 Vt. 66, 872 A.2d 874 (declining to review whether court's supplemental oral jury instruction was in error because defendant did not order transcript and thus there was no record of supplemental instruction); State v. Gadreault, 171 Vt. 534, 538, 758 A.2d 781, 786 (2000) (mem.) (declining to review whether defendant's sentence was excessive in violation of Eighth Amendment or whether Sixth Amendments rights were violated because defendant did not order transcript and questions required review of trial court record).

¶ 22.    In part because Joyce did not file a statement of questions, which would have focused the issues on appeal, the appellate officer could not consider the record complete for purposes of the appeal without a transcript. See Administrative Rules of Practice § 4.2(A) (providing items needed to complete record on appeal). As previously explained, Joyce's attorney argued that the appeal was limited to two issues of pure law, but Joyce's personal filings, attached to his attorney's filings, appeared to raise challenges to the factual findings and conclusions of law in OPR's July 2017 decision. Resolution of these factual challenges would have required a transcript. An appellate officer's review is "conducted on the basis of the record" created in the proceeding on appeal, the appellate officer is thus limited to consideration of the evidence

10

presented in the earlier proceeding. 3 V.S.A. § 130a(a). Without a transcript, the appellate officer can neither know what evidence was presented in the earlier proceeding nor review the merits of the decision arising from that earlier proceeding.

¶ 23. The same rationale, coupled with the omission of a statement of questions, applies to the legal questions that Joyce's attorney identified in the notice of appeal. Although questions of law can be reviewed without reference to the record below, and thus without a transcript, in this case the issues raised by Joyce's attorney fall more accurately within the province of issues of mixed fact and law. Compare Evans, 2014 VT 104, ¶ 13 (reviewing statutory interpretation argument without transcript because issue presented only question of law), with Synnott, 2005 VT 19, ¶ 25 (declining to consider argument that supplemental oral jury instruction was erroneous because, without transcript, Court could not review instruction). Here, Joyce's attorney argued that "the legal question presented in this matter is whether [OPR] erred as a matter of law in failing to follow the procedure outlined by the OPR in its closure letter in 2015," namely that the investigation into the initial complaint against Joyce would not be reopened unless a new complaint or new evidence showed "a pattern of practice or administrative deficiencies."

¶ 24. In the decision dismissing Joyce's appeal, the appellate officer concluded that without a transcript the record was unclear regarding whether Joyce had raised the res judicata issue in the June 2017 OPR hearing.[5] The appellate officer was correct inasmuch as he concluded that Joyce's res judicata argument was not properly presented for appeal, but that conclusion rests on more than simply forfeiture of the argument because the record did not demonstrate that Joyce

---

[5] Joyce's attorney stated in the notice of appeal that Joyce had received notice prior to the June 2017 OPR hearing that new evidence had been received and that Joyce had twice requested the new evidence and twice been told that it was confidential. In Joyce's personal response to the State's motion to dismiss, he stated that he had requested the new evidence and been first told that it was confidential but then been given a copy of a later survey of the property Joyce had surveyed in 2015. It is not clear whether this later survey was the new evidence that prompted OPR to reconsider the initial complaint against Joyce, but because our decision does not turn on whether Joyce preserved his res judicata argument, we need not address this issue.

had presented this argument in OPR's June 2017 hearing. Rather, a transcript was necessary in this instance because of the precise nature of the res judicata argument.

¶ 25. Res judicata is an affirmative defense that is typically waived unless raised by the parties. Merrilees v. Treasurer, 159 Vt. 623, 623, 618 A.2d 1314, 1315 (1992) (mem.). The waiver rule is premised on the necessity to provide notice to all parties regarding the issues on appeal, and, accordingly we have permitted exceptions to this general rule where "notice considerations are not implicated." Id. For example, in Merrilees this Court sua sponte raised the issue of res judicata and requested that the parties brief that issue. We held that, because res judicata requires "[n]o factual development" and the parties were "given an opportunity to fully brief the issue," this Court could independently raise and decide whether res judicata barred the action directly before the Court. Id. But here, without a statement of questions, neither the appellate officer nor the other party had notice of the precise issues in play. And without a transcript, the precise res judicata argument Joyce's attorney raised could not be evaluated.

¶ 26. Joyce's attorney appeared to argue that res judicata barred OPR's July 2017 decision because that decision did not rest on any new complaints or evidence that would permit OPR, according to its 2015 closure of the initial complaint, to reopen and reconsider that complaint. To that end, Joyce's attorney pointed out that the July 2017 decision did not refer to any new complaints or evidence. While not necessarily accepting Joyce's argument that the 2015 closure had some preclusive effect, we note that this argument also depends upon a determination of whether there was, in fact, any new complaint or evidence that would permit reopening of the initial complaint. And that determination would have required a review of the transcript of the June 2017 hearing to definitively answer whether there was any new complaint or evidence. Thus, even were we to accept Joyce's notion that the 2015 closure had a preclusive effect, without a transcript the appellate officer could not consider the argument presented, even though res judicata can, in other cases, be considered without reference to the record of prior proceedings. The precise argument made here is unlike that raised in Merrilees, which required "[n]o factual development."

12

159 Vt. at 623, 618 A.2d at 1315. Joyce's counsel raised a fact-dependent res judicata argument that could not be resolved without a transcript.

¶ 27. In his final order dismissing Joyce's appeal, the appellate officer wrote that the statement of questions and transcript requirements "are not a matter of form over substance," rather, "[t]hey are designed and required to see that appellate issues governed through the Office of Professional Regulation are grounded in due process and focused analysis of the facts under law." Although we note Joyce's position as a pro se appellant, the Administrative Rules of Practice state that "anyone appearing pro se shall be under all the obligations of an attorney admitted to practice in this state with respect to the matter in which such person appears." Administrative Rules of Practice § 3.1(B), Code of Vt. Rules 04 030 005, https://www.lexisnexis.com/hottopics/michie/. This includes ordering a transcript and filing a statement of questions, without which neither we nor the appellate officer can properly evaluate the merits of Joyce's case. We conclude that the appellate officer correctly considered the factors relevant to the decision not to review Joyce's filings in a summary manner and to dismiss Joyce's appeal—specifically, the procedural irregularities in the appeal that essentially foreclosed appellate review. Accordingly, we conclude that the appellate officer did not abuse his discretion.

Affirmed.

FOR THE COURT:

_____
Associate Justice

13