VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-047

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2023

Amanda Houle v. Jason Houle\*

}  APPEALED FROM:
}
}  Superior Court, Windham Unit,
}  Family Division
}  CASE NO. 20-DM-00021
}  Trial Judge: Michael R. Kainen

In the above-entitled cause, the Clerk will enter:

Father appeals a family division order denying his request to modify parent-child contact (PCC) and parental rights and responsibilities (PRR).  We affirm.

This appeal is the latest in protracted litigation between the parties regarding PRR and PCC.  In 2022, father moved to modify parental rights to have shared or primary custody and to modify PCC to give him half-time with the children.  Under the existing order at that time, mother had primary custody of the children and father had contact every other weekend and two hours on alternating Wednesdays.  Father alleged there was a change of circumstances because mother moved from Vernon, Vermont, to Keene, New Hampshire, resulting in a change in school for the children.  Father also claimed there was a change in circumstances because he had new employment that provided him with more free time, and better control of his substance abuse.  When he filed the motion an existing relief-from-abuse (RFA) order was in place against father and criminal charges were pending against him for violating the RFA order.

Following a hearing, the court denied father's request.  The court made limited written findings and indicated further oral findings were made on the record.  The court found that mother's move was not a change in circumstances in that it was not far, the meeting point for contact exchanges was approximately the same distance for father as before the move, and the relocation had not significantly altered the children's experience with school.  The court also found that father's new employment was not a change of circumstances in that there was no evidence of how much father's work schedule had contributed to the existing PCC schedule.  Finally, the court found that father's commitment to sobriety did not amount to a change in circumstances.  The court noted that although it was not reaching the best-interests analysis, it

would not consider a schedule requiring frequent exchanges and coordination where there was an RFA in place and the parties could not effectively communicate. Father appeals.

To modify PRR and PCC, the moving party has the burden of demonstrating that there is a "real, substantial, and unanticipated change of circumstances." 15 V.S.A. § 668; see Falanga v. Boylan, 2015 VT 71, ¶ 10, 199 Vt. 343 (explaining that "moving party has a heavy burden to demonstrate changed circumstances"). We review the family division's decision as to whether there has been a real, substantial, and unanticipated change in circumstances for abuse of discretion. Wener v. Wener, 2016 VT 109, ¶ 17, 203 Vt. 582. "While there are no fixed standards to determine what is a change of circumstances, the welfare and best interest of the child are the primary considerations in determining whether circumstances have changed." Id.

On appeal, father argues that mother's move amounted to a change of circumstances. The question of whether a relocation amounts to a change in circumstances depends on "the context of all the surrounding circumstances, keeping in mind that the effect on the child is what makes a change substantial." Hawkes v. Spence, 2005 VT 57, ¶ 10, 178 Vt. 161. The threshold is met "only when the relocation significantly impairs either parent's ability to exercise responsibilities the parent has been exercising or attempting to exercise under the parenting plan." Falanga, 2015 VT 71, ¶ 11 (quotation omitted). Here, the family division acted within its discretion in finding that mother's move did not amount to a real, substantial, and unanticipated change of circumstances. As the court explained, father was able to continue exercising parent-child contact without a significant increase in driving or other burden, and although one child was struggling in school, this had also been the case prior to the move.

Father also contends that his new employment was a change of circumstances because it provided him with more time to spend with the children and allowed him to remain sober. The trial court acted within its discretion in determining that father had not met his burden of showing that this change was real, substantial, and unanticipated because father had not demonstrated that his work schedule was a contributing factor to the parties' stipulation to the existing PRR and PCC arrangement.

Father also raises several factual issues on appeal. He argues that the court incorrectly found that the new location for contact exchanges was roughly the same distance as under the prior arrangement and that the court failed to consider his evidence regarding the increased travel distance to his children's new school for academic and sports events. Additionally, father makes several factual assertions on appeal including allegations that mother engaged in poor behavior and exhibited diminished parenting skills, that the children desire to have shared time with parents, and that one daughter exhibited a lack of adjustment to her new school and distress over her current living situation. To the extent that father is arguing that the evidence does not support the court's findings, he has not ordered a transcript from the hearing below and we are therefore unable to evaluate that claim on appeal. See In re Joyce, 2018 VT 90, ¶ 21, 208 Vt. 226 (explaining that transcript is necessary for appellate review of issues related to underlying facts and without complete record, Court is "unable to review the evidence to determine if it supports the trial court's factual findings" (quotation omitted)). To the extent father seeks to provide new evidence on appeal or to ask this Court to reweigh the evidence already submitted in the family division, that is beyond the scope of an appeal. See V.R.A.P. 10(a) (providing scope of record on appeal); Vance v. Locke, 2022 VT 23, ¶ 12 (explaining that this Court does not

reweigh evidence or make findings of credibility de novo).  Father has provided no basis to disturb the family division's order.

Affirmed.

BY THE COURT:

_____

Harold E. Eaton, Jr., Associate Justice

_____

Karen R. Carroll, Associate Justice

_____

William D. Cohen, Associate Justice