VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-391



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2024

Donald Smith\* v. Mariah Lavanway

}   APPEALED FROM:
}   Superior Court, Washington Unit,
}   Family Division
}   CASE NO. 34-1-18 Wndm
     Trial Judge: Michael J. Harris

In the above-entitled cause, the Clerk will enter:

Father appeals the family division's decision denying his motions to modify parental rights and responsibilities and parent-child contact.  We affirm.

Father and mother are the parents of eleven-year-old N.S. and seven-year-old A.S. Father filed this parentage action in 2018.  In July 2018, the court issued a final order approving the parties' agreement on parental rights and responsibilities and parent-child contact.  The order awarded mother primary legal and physical rights and responsibilities and awarded father parent-child contact every other weekend as well as one week during summer vacation.

In November 2021, father filed a motion to modify parental rights and responsibilities and contact, stating that he wished to spend more time with the children and to have custody exchanges occur at a different location.  Because the final order required the parties to engage in mediation prior to requesting relief from the court, the court indicated that it would not consider the motion until the parties engaged in mediation.  Father filed similar motions in April and July 2022.  The court again denied the requests because father did not provide proof of mediation.

In September 2022, father filed another motion to modify in which he sought the right to make medical decisions and have equal parent-child contact time.  After the court received notice that the parties had unsuccessfully attempted mediation, the court issued an order directing father to clarify if he was seeking to modify parental rights and responsibilities or just parent-child contact.  In response, father filed another motion indicating that he wished to have sole parental rights and responsibilities and increased contact.

After hearing evidence over two days in June and August 2023, the court issued a written order in which it found that father failed to demonstrate that there had been a change in circumstances that would justify modification of the existing custody order.  See 15 V.S.A. § 668(a) (requiring "showing of real, substantial, and unanticipated change of circumstances" to modify parental-rights-and-responsibilities or parent-child-contact order).  The court found that

the parties had difficulty in communicating effectively, largely due to father's accusatory and critical tone towards mother. It found that mother had shown concern for the children and had followed the recommendations of medical and educational providers. She sought and obtained father's input in medical decisions such as COVID vaccinations and made accommodations to facilitate his contact with the children. The court found that father's concerns about the children's attendance at school and sports practice and other issues and the fact that he had a new child with his fiancée did not constitute real, unanticipated, and substantial changes in circumstances. It further held that even if there had been a change in circumstances, it was in the children's best interests to continue the existing custody arrangement. In so holding, it emphasized the children's relationship with mother as the primary caregiver, their strong bonds with their maternal grandmother and friends in mother's community, and their progress in school. The court also found that father's home had limited outdoor play space and potential safety hazards. It therefore denied father's request to modify parental rights and responsibilities or parent-child contact.

On appeal, father states that he would like to make medical, educational, and other day-to-day decisions for the children, and wants increased contact with them. He argues that the court erred in finding that the children have limited space to play outside at his home. He also appears to claim that the court made other unspecified errors in its findings.

We are unable to review father's claims that the court erred in its findings because he did not order a transcript of the hearing below. "By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review." V.R.A.P. 10(b)(1). Without the transcript, we are "unable to review the evidence to determine if it supports the trial court's factual findings." Airi v. Nagra, 2017 VT 42, ¶ 5, 205 Vt. 40. Accordingly, we assume that the family division's findings are supported by evidence. See Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523. Furthermore, it was exclusively the family division's role as the trier of fact to determine the credibility of evidence and how much weight to give to it. Cabot v. Cabot, 166 Vt. 485, 497 (1997). Father does not identify any other errors in the court's ruling, other than disagreeing with the outcome. We therefore see no basis to disturb the decision below.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

2