| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|
| Windsor Unit |  | Case No. 22-CV-04251 |
| 12 The Green | | |
| Woodstock VT 05091 | | |
| 802-457-2121 | | |
| www.vermontjudiciary.org | | |

Leonard Runnells, Jr. v. Vermont Department of Corrections

Opinion and Order on Appeal of Furlough Interruption

In this Vt. R. Civ. P. 74 appeal, Vermont inmate Leonard Runnells, Jr., challenges a Department of Corrections ("DOC") case-staffing decision concerning an interruption of his furlough, pursuant to 28 V.S.A. § 724. Appellant timely filed his appeal. The Court ordered pretrial briefing. Appellee submitted a brief; Appellant did not. The Court held a hearing on the matter on March 2, 2023. Appellant was present at the hearing and was represented by Emily Tredeau, Esq. Appellee DOC was represented by Assistant Attorney General Kassie Tibbott. Based upon this Court's *de novo* review of the record and the credible evidence admitted at the hearing, the Court makes the following determinations.

I      Background, Underlying Decisions, and Trial Court Hearing

Per the Agency Record filed with this appeal, Appellant is incarcerated for, *inter alia*, aggravated domestic assault. He is a violent, listed offender. Appellant was placed on furlough once before in 2022. Within a week of being released, he was charged with the felony offense of violating an abuse protection order. This was a "significant" furlough violation under DOC policy, and he was returned to jail. *See* Directive 430.11(D)(2)(a).

1

He was released on furlough, again, on September 26, 2022. He had significant conditions, including a curfew and reporting obligations. Appellant was ordered to report to Springfield Probation Parole immediately upon release. He did not. Nor did he report to his approved residence. He absconded and was not in contact with DOC for over a month. At one point, community corrections officers spied him, and he fled from them. He left Vermont without permission and went to New Hampshire where he attempted to board an airplane. While boarding, he had a medical emergency due to a heroin overdose and was taken to a hospital. (He may be facing drug charges in New Hampshire in connection with those events.) After 38 days, he was apprehended by the Springfield Police.

Appellant was given a notice of suspension for various violations of his furlough terms, all relating to keeping in contact with DOC, reporting as directed, and abiding by his curfew. At the hearing concerning these events, Appellant did not contest them and agreed that he had engaged in the conduct charged.

DOC staff then considered what sanction to impose. Through Directive 430.11, the DOC employs a standardized "grid" to assess the length of a person's interrupt.[1] Staff noted that Appellant is considered a "high risk offender" under both the ORAS and DVSIR measures. Absconding is considered a "significant" furlough violation under Directive 430.11(D)(2)(d). The guidelines for furlough sanctions set out in that Directive recommends a person in Appellant's position

---

[1] Though the grid provides some standardization, the Directive also allows staff to consider other aggravating and mitigating factors in each case.

2

receive a two-year interrupt for a second significant violation. The DOC staffing recommended that sanction. The staffing also noted that Appellant needed to complete domestic violence, mental health, and substance abuse counselling.

Appellant appealed.

At the hearing on appeal, Appellant testified. He credibly testified that, during the time he did not report, he had a number of overdoses and needed to be revived with Narcan. He also completed a 14-day program at Valley Vista and had lined up employment. He has not been charged with new crimes for the period he did not report. He has a significant substance abuse disorder and multiple mental health diagnoses. The Court did not find persuasive the remainder of Appellant's testimony.

II.    Standards

Vermont law provides that DOC may release an inmate from prison and place him or her on community supervision furlough if the inmate has served his or her minimum sentence and agrees to comply with such conditions as DOC, in its sole discretion, deems appropriate. 28 V.S.A. § 723(a). The inmate's continuation on furlough is "conditioned on the offender's commitment to and satisfactory progress in his or her reentry program and on the offender's compliance with any terms and conditions identified by the Department." *Id*. §723(b). If the offender commits a "technical violation," which is defined as "a violation of conditions of furlough that does not constitute a new crime," DOC considers whether to impose a sanction. If DOC believes the conduct warrants an "interruption" or "revocation" of

3

the furlough, DOC must hold "a Department Central Office case staffing review" to determine the length of the sanction. *Id.* §724(b).

An offender whose community supervision furlough is revoked or interrupted for 90 days or longer based on a "technical violation" has a right to appeal DOC's determination to the Superior Court under Vt. R. Civ. P. 74. The appeal must be "based on a *de novo* review of the record," the appellant "may offer testimony, and the Court, in its discretion and for good cause shown, "may accept additional evidence to supplement the record." *Id.* §724(c).

The law provides that "[t]he appellant shall have the burden of proving by a preponderance of the evidence that the Department abused its discretion in imposing a furlough revocation or interruption for 90 days or longer...." *Id.* The statute provides certain guideposts for analyzing whether the Department has abused its discretion:

> It shall be abuse of the Department's discretion to revoke furlough or interrupt furlough status for 90 days or longer for a technical violation, unless:
>
> (A)   The offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable.
>
> (B)   The violation or pattern of violations indicate the offender poses a danger to others.
>
> (C)   The offender's violation is absconding from community supervision furlough. As used in this subdivision, "absconding" means:
>
> (i)   the offender has not met supervision requirements, cannot be located with reasonable efforts, and has not made contact with Department staff within three days if convicted of a listed crime as defined in 13

4

> V.S.A. § 5301(7) or seven days if convicted of a crime not listed in 13 V.S.A. § 5301(7);
>
> (ii)    the offender flees from Department staff or law enforcement; or
>
> (iii)    the offender left the State without Department authorization.

*Id*. §724(d)(2).

> The statute notes that the appeal is expressly:
>
> limited to determine whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion by the Department based on the criteria set forth in subdivision (d)(2) of this section. The length of interruption or revocation may be a consideration in the abuse of discretion determination.

*Id*. at §724(c)(2).

Importantly from the Court's perspective, while the Court performs a *de novo* review of the record and can consider additional evidence, the overarching standard of review in the statute remains one of *abuse of discretion*. The Court is not to substitute its judgment for that of DOC. *See, e.g., Turner v. Roman Cath. Diocese*, 2009 VT 101, ¶ 14, 186 Vt. 396, 408 ("Under an abuse-of-discretion standard, we do not substitute our judgment for that of the trial court…."). An abuse of discretion is established where "an agency has declined to exercise its discretion or has done so on untenable or unreasonable grounds." *In re Joyce*, 2018 VT 90, ¶ 12, 208 Vt. 226, 232 (internal quotation omitted); *see State v. Gurung*, 2020 VT 108, ¶ 36, 214 Vt. 17, 31.

With those guideposts in mind, the Court turns to the instant appeal.

III.    Analysis

The Court's review of the agency record thoroughly supports the DOC's determination, and Appellant has failed to persuade the Court that the DOC abused its discretion. Appellant's first crack at furlough in 2022 ended with a significant violation and a return to jail only roughly a week after he was released. Those incidents were within a year of these events. After being released from jail this second time, Appellant failed to report as directed, fled from community corrections officers, left the state without permission, attempted to board a plane in New Hampshire, overdosed, and was without contact with DOC for thirty-eight days prior to his capture.[2]

Given those determinations, the Court concludes that DOC acted within its discretion in determining that the violation showed that Appellant had absconded from supervision. 28 V.S.A. § 724(d)(2)(C). DOC's decision to interrupt for this "technical violation" was, thus, tethered to appropriate considerations and did not go beyond its grant of authority. *See In re Joyce*, 2018 VT 90, ¶ 12, 208 Vt. at 232 (internal quotation omitted); *State v. Gurung*, 2020 VT 108, ¶ 36, 214 Vt. at 31. Indeed, Appellant does not contest that point on appeal.

Similarly, DOC did not abuse its discretion in the length of the interrupt. The record shows that Appellant is a high-risk offender per his ORAS and DVSIR scores who engaged in the significant misconduct of absconding. Directive

---

[2] Neither side disputes that the charges here amount to "technical violations," which fall within the scope of Section 724.

430.11(D)(2)(d). Further, this was Appellant's second significant furlough violation in a fairly short period. The DOC employs a penological tool under Directive 430.11 to guide it in assessing appropriate responses to varying and multi-faceted furlough violations of furloughees. The Court believes the DOC's decision to rely upon such a tool falls within its core penological mission is entitled to some deference. *See, e.g, Town of Killington v. Dep't of Taxes*, 2003 VT 88, ¶ 5, 176 Vt. 70, 72 (deference afforded agencies on complicated matters "within the agency's area of expertise"). Based on the above objective factors, the Directive recommended a two-year interrupt. The Court cannot conclude the use of such an objective tool falls outside of the discretionary judgment afforded DOC, and Appellant has not made a persuasive argument to the contrary here.

Even if the Court were to consider the exercise of discretion in the absence of Directive 430.11's guidance, Appellant has not shown that a two-year interrupt would be an abuse of discretion in light of: the criminal history noted above, the nature of violation, how early it occurred following his release, how long he absconded, his prior significant furlough violation, and in light of the documented needs noted by staff for domestic violence, mental health and substance abuse programming. Given those record facts, the Court finds that DOC did not exercise its discretion "on untenable or unreasonable grounds." *In re Joyce*, 2018 VT 90, ¶ 12, 208 Vt. at 232 (internal quotation omitted).

Nor does Appellant's hearing testimony warrant a different result. Appellant is to be commended for completing Valley Vista and for finding employment. No

doubt, his underlying conditions contributed to the actions he engaged in here. Those points, however, do not obviate the significant, repeated, and lengthy misconduct established by the record concerning this furlough release. Nor do they lessen the concern raised by the fact that this was Appellant's second significant furlough violation with a year period. While the Court commends Appellant for the efforts he highlighted, the remaining record persuades the Court that the DOC did not abuse its discretion in setting a two-year interrupt.

Electronically signed on Friday, March 3, 2023, pursuant to V.R.E.F. 9(d).

Vermont Superior Court
Filed 03/06/23
Windsor Unit

Timothy B. Tomasi
Superior Court Judge

8