**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-379



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2024

Crissy King\* v. Deborah Towslee

}  APPEALED FROM:
}  Superior Court, Bennington Unit,
}  Civil Division
}  CASE NO. 23-ST-00795
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order denying her request for an anti-stalking order against defendant.  We affirm.

Plaintiff filed a complaint against defendant, the former property manager of her apartment building, seeking an anti-stalking order.  The court denied plaintiff's request for a temporary order, and plaintiff requested a hearing.  Following a hearing, the civil division made findings of fact on the record and concluded that plaintiff failed to prove her claim.  The court accordingly denied the request.

On appeal, plaintiff makes lengthy factual allegations regarding defendant's behavior, including that defendant stalked her online and through third parties.  Plaintiff contends that the court erred in finding that defendant's conduct did not amount to stalking and in denying her request for an anti-stalking order.

Because plaintiff did not order a transcript of the proceedings below, we are unable to review plaintiff's claims.\*  "By failing to order a transcript, the appellant waives the right to raise

---

\*  Plaintiff received permission to waive the filing fee in this appeal.  Her docketing statement indicated that no transcripts were necessary, and that she could not afford transcripts. Plaintiff did not, however, move to use the audio recording in lieu of a written transcript.  See V.R.A.P. 10(b)(8) (allowing party to request use of audio in lieu of written transcript if party has received permission to waive filing fee and proceedings did not exceed four hours).

any issue for which a transcript is necessary for informed appellate review." V.R.A.P. 10(b)(1). Without the transcript, we are "unable to review the evidence to determine if it supports the trial court's factual findings." Airi v. Nagra, 2017 VT 42, ¶ 5, 205 Vt. 40. Accordingly, we must "assume[ ] that the trial court's findings are supported by the evidence." Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523. Moreover, because the court's findings were on the record, without a transcript, we are not able to assess whether those findings support the court's conclusion that defendant's actions did not amount to stalking. Plaintiff has failed to demonstrate that the court erred in denying her request for relief.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice