Vermont Superior Court
Filed 09/08/22
Orange Unit

**VERMONT SUPERIOR COURT**
Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



**CIVIL DIVISION**
Case No. 22-CV-01785

---

Tyler White v. Vermont Department of Corrections

---

### Opinion and Order on Appeal of Furlough Revocation

In this Vt. R. Civ. P. 74 appeal, Vermont inmate Tyler White challenges a Department of Corrections ("DOC") case-staffing decision pursuant to 28 V.S.A. § 724. Appellant timely filed his appeal, and the Court held a hearing on the matter on August 11, 2022. Appellant was present at the hearing and was represented by Jill Martin, Esq. Appellee was represented by Assistant Attorney General Patrick Gaudet. Based upon this Court's *de novo* review of the record and the credible evidence admitted at the hearing, the Court makes the following determinations.

The record shows that Appellant is currently serving 3 -- 10-year concurrent sentences imposed in December of 2014 for burglary and grand larceny (DOC Record, 18-22). He was furloughed in 2019 but absconded from supervision. In May of 2019, he was convicted of escape from furlough for which he received a consecutive sentence of 30 days to 6 months.

He absconded from furlough, again, in March 2020. He was reincarcerated in June 2020.

He was alleged to have absconded from supervision a third time, in February 2021. He was reincarcerated in March 2021. He challenged the length of his

1

furlough interrupt in Court and was successful. The Court determined that he had not absconded and that the technical violations established by the record at that time justified only a 10-month interrupt. See *White v. DOC*, No. 21-CV-2806, slip op. at 3 (Vt. Super. Ct. Dec. 21, 2021) (Mello, J.). Appellant was released from jail and placed back on furlough at the end of December 2021.

Due to Appellant's past history of absconding, he was placed on GPS monitoring. He was to have met with his supervision officer on March 2, 2022. He texted the officer after the meeting was to have begun saying he had a foot injury and was waiting for a ride to express care. Appellant stated that he would come in the next day. Appellant did not show the next day.

The supervision officer checked Appellant's GPS at 8:00 a.m. on March 2, 2022. It showed that Appellant had not gone to express care the day before as he had represented and that he was currently at his mother's house. He was not authorized to be at that location, however. At 9:00 a.m., the GPS monitor indicated that its wires had been severed. A later call to Appellant's mother indicated that someone had picked him up that morning from her residence. The officer attempted to locate Appellant at his mother's home. He was not there, but the GPS monitor was found, and it showed that it had been cut off from the Appellant. On April 4. 2022, after approximately a month, Appellant was arrested on a warrant and reincarcerated.

Appellant was afforded a hearing in connection with this matter by DOC. He did not waive his right to 24-hour notice for the hearing. The hearing went forward

2

on roughly 22-hours' notice. Appellant did not request a continuance, nor did he ask for the help of a Hearing Assistant. He did not ask for the Reporting Officer to appear and be questioned. Appellant offered no evidence in defense of his position at the hearing and challenged none of the evidence presented.

The Hearing Officer concluded that Appellant had violated multiple conditions of his furlough, including C04 (failing to report to PO as directed), C10 (failing to update PO prior to any changes in contact information), SC15 (failing to participate in GPS monitoring as directed and not tamper with equipment), SC22 (failing to reside at an approved residence), and S23 (failing to abide by curfew as directed).[1] The determinations were affirmed by the Disciplinary Committee and the Superintendent. Appellant could have, but did not, appeal those findings and conclusions via Vt. R. Civ. P. 75.

The matter then proceeded to DOC Case Staffing to determine the length of Appellant's furlough interrupt. The Staffing determined that he was a "high-risk" offender under the Ohio Risk Assessment System (ORAS) scale employed by the DOC. Per Directive 430.11, the DOC employs a standardized "grid" to assess the length of a person's interrupt.[2] Here, Appellant's high ORAS score, coupled with the number of past violations, and the absconding nature of those violations led

---

[1] The violation of SC15 was indicated only by number. The violation of SC22 was indicated only by description. Both violations, which were uncontroverted at hearing, were clearly established by the record.

[2] Though the grid provides some standardization, the Directive also allows staff to consider other aggravating and mitigating factors.

3

them conclude that he posed a significant danger of absconding again. Based on those considerations, DOC ordered a two-year furlough interrupt.

At the hearing on appeal, Appellant testified that, at the time of his elopement, he was about to lose his approved residence. He said that he was allowed to go to his mother's for seven days while finding another. He said that his PO indicated he would be reincarcerated if he did not get an approved residence. Appellant said that he "freaked out" about that possibility and cut off his GPS. He claimed to have been at his mother's during the month-long period from March to April 2022.

On appeal, Appellant argues that due process was violated because his hearing was based on inadequate findings.[3] He also maintains that a two-year interrupt is too harsh a sentence for the offense and that his inability to find housing is a mark of his lack of resources and not an intentional flaunting of the system.

II.    Standards

Vermont law provides that DOC may release an inmate from prison and place him or her on community supervision furlough if the inmate has served his or her minimum sentence and agrees to comply with such conditions as DOC, in its

---

[3] Counsel for Appellant also suggested at hearing that due process was violated because Appellant had 22-hours' notice, as opposed to, 24-hours' notice before his merits hearing. Appellant failed to submit briefing on that argument. Accordingly, it is waived. Even if it were not, it lacks merit. Appellant had sufficient notice to prepare a defense and the record shows he was asked if he wanted a continuance of the hearing. He declined. The Court sees no due process violation as a result of the timing of the hearing.

sole discretion, deems appropriate.  28 V.S.A. § 723(a).  The inmate's continuation

on furlough is "conditioned on the offender's commitment to and satisfactory

progress in his or her reentry program and on the offender's compliance with any

terms and conditions identified by the Department."  *Id*. §723(b).  If the offender

commits a "technical violation," which is defined as "a violation of conditions of

furlough that does not constitute a new crime," DOC considers whether to impose a

sanction.  If DOC believes the conduct warrants an "interruption" or "revocation" of

the furlough, DOC must hold "a Department Central Office case staffing review" to

determine the length of the sanction.  *Id*. §724(b).

An offender whose community supervision furlough is revoked or interrupted

for 90 days or longer has a right to appeal DOC's determination to the Superior

Court under Vt R. Civ. P.  74.  The appeal must be "based on a *de novo* review of the

record," the appellant "may offer testimony, and the Court, in its discretion and for

good cause shown, "may accept additional evidence to supplement the record."  *Id*.

§724(c).

The law provides that "[t]he appellant shall have the burden of proving by a

preponderance of the evidence that the Department abused its discretion in

imposing a furlough revocation or interruption for 90 days or longer...."  *Id*.  The

statute provides certain guideposts for analyzing whether the Department has

abused its discretion:

> It shall be abuse of the Department's discretion to revoke furlough or
> interrupt furlough status for 90 days or longer for a technical violation,
> unless:

5

(A). the offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable; or

(B) the violation or pattern of violations indicate the offender poses a danger to others or to the community or poses a threat to abscond or escape from furlough.

*Id*. §724(d)(2).[4]

Importantly from the Court's perspective, while the Court performs a *de novo* review of the record and can consider additional evidence, the standard of review remains one of abuse of discretion. The Court is not to substitute its judgment for that of DOC. *See, e.g., Turner v. Roman Cath. Diocese*, 2009 VT 101, ¶ 14, 186 Vt. 396, 408 ("Under an abuse-of-discretion standard, we do not substitute our judgment for that of the trial court…."). An abuse of discretion is established where "an agency has declined to exercise its discretion or has done so on untenable or unreasonable grounds." *In re Joyce*, 2018 VT 90, ¶ 12, 208 Vt. 226, 232 (internal quotation omitted); *see State v. Gurung*, 2020 VT 108, ¶ 36, 214 Vt. 17, 31.

III.    Analysis

In this case, there is no dispute that this case involves a "technical violation" and Section 724(d)(2) applies.[5] Appellant's assertion that he is not a true threat to abscond is belied by the record. Even leaving aside the 2021 violation, Appellant

---

[4] The statute in effect at the time of the DOC and of the filing of the instant appeal did not specifically include a provision allowing the Court to consider the specific length of time of the interrupt in assessing whether DOC abused its discretion. In this instance, as it does not alter the Court's ruling, it will assume *arguendo* that it has such authority under the prior version of Section 724.

[5] The State confirmed at hearing that it was not asserting that the Appellant's actions in cutting off the GPS monitor amounted to the crime of unlawful mischief.

has a conviction for escape from furlough during his present sentence and was absent from supervision for two months in 2020. He has a record history of directly similar behaviors to those involved in this violation. Because of that, he was placed on GPS monitoring after his 2021 violations. Despite that additional supervisory tool, he was not deterred from eloping. He was not at an approved location, lied about his whereabouts to his supervising officer, cut off his GPS monitor, and was not located for approximately a month.

Appellant's assertion that he "freaked out" when he could not obtain an approved residence does not alter those facts or provide an excuse for the misconduct and elopement. A person on furlough remains in a state of significantly heightened supervision, if not in a form of DOC custody. *Cf. State v. Gauthier*, 2020 VT 66, ¶ 9, 213 Vt. 82 ("furlough generally refers to a period of time during which DOC has extend[ed] the limits of the place of confinement of an offender—or in other words, when DOC permits an offender to serve a portion of their sentence outside of the four walls of the prison." (internal quotation omitted)); *Conway v. Cumming*, 161 Vt. 113, 116 (1993) (furlough closer to prison custody than parole status).

A person being furloughed "agrees to comply with such conditions of supervision the Department, in its sole discretion, deems appropriate." 28 V.S.A. § 723(a)(3). Further, the person's "continued supervision in the community is conditioned on the offender's … compliance with any terms or conditions identified by the Department." *Id*. § 724(b). If they cannot follow their conditions, those who

7

are being furloughed, thus, understand that increased supervision conditions or a return to jail for some period can be potential sanctions.

Even if the Court accepted Appellant's testimony, he chose to violate key provisions of his furlough that were designed to facilitate his proper supervision, protect the public, and ensure that he did not abscond. Instead of continuing to work with his supervising officer to find a residence or, as a last resort, accept reincarceration until one could be found, he chose to cut off his monitor and evade DOC's oversight. There is little evidence in the record to suggest Appellant would make a different decision if faced with a similar choice in the future. Indeed, his record history reflects the opposite likelihood.

Given those determinations, the Court finds that DOC did not abuse its discretion in concluding that Defendant "poses a threat to abscond or escape from furlough." 28 V.S.A. § 724(d)(2)(B).

Similarly, assuming the Court has the ability also to consider the length of the interrupt chosen by DOC under the former statute, the Court concludes it did not abuse its discretion in that regard. The record shows that Appellant is a high-risk offender per his ORAS score. The DOC employs a penological tool under Directive 430.11 to guide it in assessing the length of an interrupt. Based on his ORAS score and history of misconduct on furlough, that tool recommended a two-year interrupt. The Court cannot conclude the use of such an objective tool falls outside of the discretionary judgment afforded DOC, and Appellant has not made that specific argument here.

8

Even if the Court were to consider the exercise of discretion in the absence of the tool, the Court cannot conclude that a two-year interrupt would be an abuse of discretion in light of Appellant's two prior instances of absconding; another incidence of a furlough violation; and the current violation, which included lying to his supervising officer, tampering with a GPS monitor to avoid apprehension, and elopement for approximately one month. Given those record facts, the Court finds that DOC did not exercise its discretion "on untenable or unreasonable grounds." *In re Joyce*, 2018 VT 90, ¶ 12, 208 Vt. at 232 (internal quotation omitted).

Nor does Appellant's due process argument warrant reversal. [6] The Court agrees that failing to make adequate findings may potentially support a due process violation. The circumstances of each case must be closely examined, however, to assess the due process interests involved. Here, the Court agrees that the Hearing Officer's findings were minimal. Nonetheless, under these circumstances, they were sufficient. Furlough revocation is an informal process. *See Black v. Romano*, 471 U.S. 606, 611 (1985) ("Our previous cases have sought to accommodate these [due process] interests while avoiding the imposition of rigid requirements that would

---

[6] DOC argues that Appellant's remedy for a due process violation occurring at the merits hearing concerning the violation is through an appeal of that decision, which may go before the Superior Court per Vt. R. Civ. P. 75. In *Davey v. Baker*, 2021 VT 94, ¶ 17, however, the Supreme Court concluded that Section 724 allowed review of, at least some, due process claims. As a result, the Court will consider the arguments in this action. The Legislature subsequently amended Section 724(c) to state that review under the statute is "limited" to whether the DOC abused its discretion. Whether that effected any change with regard to review of due process claims concerning the merits hearing via Section 724 will need to await briefing and analysis in a later case.

threaten the informal nature of probation revocation proceedings."). The Appellant was informed of the charges against him in advance of the hearing. He was offered the support of a Hearing Assistant, which he declined. He was offered the opportunity to summon and ask questions of the Reporting Office, submit a written or oral defense, or to counter any of the facts set forth by DOC to support the violations. He submitted no defense and failed to challenge any of the evidence against him. The Hearing Officer found that the violations noted above were established by the record. The Court has reviewed the record itself and also concludes that record evidence supports those determinations. Under such circumstances, the Court finds no violation of due process.

Dated September 8, 2022.

Electronically signed pursuant to V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge

Joyce E. McKeeman
Assistant Judge

The Hon. Laurel Mackin
Assistant Judge